**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

APOLLOMD BUSINESS SERVICES, LLC, a Georgia Limited Liability Company,

Plaintiff,

v.

ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. N/K/A ACTAVIS, INC.; WATSON

Case No. ________________

Action Filed: March 8, 2018
Action Served: March 19, 2018

| | |
|---|---|
| LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; MALLINCKRODT, PLC D/B/A MALLINCKRODT PHARMACEUTICALS, and John Does 1-100, | ) ) ) ) ) |
| Defendants. | |

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL**



4813-3740-2722
2924888-000022

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *ApolloMD Business Services, LLC v. Attain Med, Inc. et al.*, bearing case number 18EV001062, from the State Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia. Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## INTRODUCTION

1. This action is one of hundreds of substantially similar lawsuits filed against manufacturers of FDA-approved prescription opioid medications and distributors of opioid products arising from alleged harms stemming from abuse of these medications. On December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for these actions, *i.e.*, cases in which plaintiffs allege that "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 1**). Over 550 actions have

been transferred to the MDL, with more (including this action) surely to follow. *Id.*, Doc. 1202 (Apr. 16, 2018 CTO-24).

2. Like the others, this lawsuit names the usual major manufacturers and three major distributors, all of which are citizens of states or foreign states other than Georgia. In a transparent effort to thwart federal jurisdiction and avoid the MDL, plaintiff here has tacked on two non-diverse distributors—Attain Med., Inc. and Bloodworth Wholesale Drugs, Inc.—for the sole purpose of defeating diversity. Plaintiff's threadbare allegations against these two defendants do not allege any wrongdoing by them, and consist entirely of boilerplate jurisdictional recitals identifying these entities as Georgia citizens.

3. Federal jurisdiction cannot be so easily evaded. Where, as here, a plaintiff sues diverse defendants and tacks on meritless and/or distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

4. Dozens of opioid-related actions naming similarly situated non-diverse defendants have been removed to federal court on these grounds and transferred to the MDL *prior to resolution of any remand motion.*[1] Indeed, on April 5, a

---

[1] *See, e.g.*, *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Pike v. Teva Pharmaceuticals USA, Inc. et al.*, No. 7:17-cv-00193-GFVT (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Knott v. Purdue Pharma L.P. et*



4813-3740-2722
2924888-000022

substantially similar opioid-related action—which was removed to this Court on similar grounds, and which names many of the same manufacturers and distributors named here[2]—was transferred to the MDL with a pending remand motion. *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 1134 (Apr. 5, 2018 Transfer Order).

5. As discussed below, there is federal diversity jurisdiction here as to all of the properly joined defendants. And judicial economy would be furthered if all removal questions were addressed by the MDL court following the transfer of this case to the MDL. *See County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order Granting Stay); *St. Bernard Parish Gov't v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. La.), Doc. 21 (Mar. 29, 2018 Order Granting Stay).

## BACKGROUND

6. On March 8, 2018, this lawsuit was filed in the State Court of Fulton County, Georgia, on behalf of Plaintiff, ApolloMD Business Services, LLC. The Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 2**) asserts claims against the following Defendants, as well as unnamed, unidentified Doe Defendants:

---

*al.*, No. 7:18-cv-00006-GFVT (E.D. Ky.), Doc. 1 (Not. of Removal); *County of San Joaquin et al. v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01485 (E.D. Cal.), Doc. 1 (Not. of Removal).

[2] *See County of Fulton v. Purdue Pharma L.P. et al.*, No. 1:17-cv-04757-ELR (N.D. Ga.), Doc. 1 (Not. of Removal).

a. "Manufacturer Defendants" — Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Mallinckrodt plc d/b/a Mallinckrodt Pharmaceuticals.

b. "Distributor Defendants" — McKesson Corporation ("McKesson"); Cardinal Health, Inc. ("Cardinal"); and AmerisourceBergen Corporation ("AmerisourceBergen").[3]

c. "Pharmacy Defendants" — CVS Health Corporation; Walgreens Boots Alliance, Inc.; and Wal-Mart Stores, Inc.

d. "Nominal Distributor Defendants" — Attain Med., Inc. ("Attain") and Bloodworth Wholesale Drugs, Inc. ("Bloodworth").

7. Like many cases previously removed to federal court and transferred to the MDL, the thrust of this Complaint is that the Manufacturer Defendants

---

[3] By consenting to this Notice of Removal, AmerisourceBergen Corporation does not concede that it is a proper party to this action, and it is not.

engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications. (Compl. ¶¶ 21–29, 38–81, 88–96.) According to Plaintiff, the Manufacturer Defendants' alleged "deceptive marketing has caused and continues to cause the prescribing and use of opioids to explode." (*Id.* ¶ 95.) All of the Manufacturer Defendants are citizens of states or foreign states other than Georgia.

8. Plaintiff's allegations against the Distributor Defendants and Pharmacy Defendants center on entirely different alleged conduct. Unlike the allegations against the Manufacturer Defendants, none of Plaintiff's allegations against the Distributor Defendants or Pharmacy Defendants relate to promotion of opioid medications or misrepresentations regarding their risks.

9. As to the Distributor Defendants, Plaintiff makes the familiar allegation that they violated purported statutory duties to notice and report suspicious opioid orders. (*See id.* ¶¶ 115–116, 119; *see generally id.* ¶¶ 123–150.) All of the Distributor Defendants are citizens of states other than Georgia. (*Id.* ¶¶ 13–15.)

10. As to the Pharmacy Defendants, Plaintiff alleges that they violated purported statutory duties by "filling prescriptions of questionable or suspicious origin" (*id.* ¶ 157) and "regularly fill[ing] prescriptions in circumstances where red flags were present" (*id.* ¶ 166), thus "breach[ing] their duties under . . . the relevant

standards of professional practice" (*id.* ¶ 172). All of the Pharmacy Defendants are citizens of states other than Georgia. (*Id.* ¶¶ 17–19.)

11. The Complaint asserts five causes of action against "all Defendants," although each claim relates almost entirely to alleged conduct of the Manufacturer Defendants only, on the one hand, or the Distributor Defendants and Pharmacy Defendants only, on the other: (1) nuisance; (2) negligence per se; (3) negligence and gross negligence; (4) unjust enrichment; and (5) civil conspiracy. (*Id.* ¶¶ 186–247, 258–265.) The Complaint also asserts a common law fraud claim against the Manufacturer Defendants only. (*Id.* ¶¶ 248–257.)

12. Endo Health Solutions Inc. received the Complaint through service on March 19, 2018, and Endo Pharmaceuticals Inc. received the Complaint through service on March 20, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served on Endo is attached hereto as **Exhibit 2**. A copy of the state court docket, all orders served on Endo, and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 3**.

## VENUE AND JURISDICTION

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(a)(2), 1391, 1441(a), and 1446(a) because the State Court of Fulton County, Georgia, where the Complaint was filed, is a state court within the Northern District of Georgia.

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

# I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND THE MANUFACTURER DEFENDANTS, PHARMACY DEFENDANTS, AND DISTRIBUTOR DEFENDANTS

15. There is complete diversity of citizenship here because Plaintiff is a Georgia citizen and all of the Manufacturer Defendants, Pharmacy Defendants, and Distributor Defendants are citizens of states or foreign states other than Georgia, *see* Part I.A *infra*, the citizenship of Doe Defendants is ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*, and the citizenship of the Nominal Distributor Defendants—the only non-diverse Defendants here—should be ignored for purposes of diversity jurisdiction, *see* Part I.C *infra*. This is because the Nominal Distributor Defendants are fraudulently joined, severable under Federal Rule of Civil Procedure 21, and fraudulently *mis*joined.

## A. Plaintiff Is Diverse from the Manufacturer Defendants, Pharmacy Defendants, and Distributor Defendants

### 1. Plaintiff Is a Citizen of Georgia

16. Plaintiff ApolloMD Business Services, LLC is a "Georgia limited liability company with its principal place of business in Atlanta, Georgia." (Compl.

¶ 10.) A limited liability company is a citizen of every state in which its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). According to records filed with the California Secretary of State, ApolloMD Business Services, LLC's sole member is ApolloMD Holdings, LLC; Apollo MD Holdings, LLC's sole member is ValorBridge Partners, LLC; and ValorBridge Partners, LLC's sole member is Christopher B. Durham. Christopher B. Durham resides in Georgia. Plaintiff is thus a citizen of Georgia. *See Rolling Greens MHP*, 374 F.3d at 1022.

### 2. None of the Manufacturer Defendants, Pharmacy Defendants, or Distributor Defendants Is a Citizen of Georgia

17. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Rolling Greens MHP*, 374 F.3d at 1021. A limited liability company is a citizen of every state in which its members are citizens. *Rolling Greens MHP*, 374 F.3d at 1022.

18. Applying these principles, none of the Manufacturer Defendants, Pharmacy Defendants, or Distributor Defendants is a citizen of Georgia.

19. Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (Compl. ¶ 26.)

20. Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (*Id.*)

21. Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Georgia. (*See id.* ¶ 21.) Its partners are Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P. Purdue Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings L.P. PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New York and Connecticut; and BR Holdings Associates L.P. BR Holdings Associates L.P.'s partners are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P. Beacon Company's partners are Stanhope Gate Corp., a citizen of the British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a citizen of Jersey, Channel Islands. Rosebay Medical Company L.P.'s partners are Rosebay

Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of Texas; and J. Sackler, a citizen of Connecticut.

22. Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut. (*Id.*)

23. Defendant The Purdue Frederick Company Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

24. Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania. (*Id.* ¶ 22.)

25. Defendant Teva Pharmaceutical Industries, Ltd. is an Israeli corporation with its principal place of business in Petah Tikva, Israel. (*Id.* ¶ 23.)

26. Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania. (*Id.*)

27. Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. (*Id.* ¶ 25.)

28. Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

29. Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

30. Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

31. Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. (*Id.* ¶ 27.)

32. Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company. Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey.

33. Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.

34. Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.*) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under

the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.

35. Defendant Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., is a Delaware corporation with its principal place of business in New Jersey. (*Id.*)

36. Defendant Mallinckrodt plc is an Irish public limited company headquartered in Staines-upon-Thames, United Kingdom.

37. Defendant CVS Health Corporation is a corporation organized under the laws of Delaware with its principal place of business in Rhode Island. (*Id.* ¶ 17.)

38. Defendant Walgreens Boots Alliance, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Illinois. (*Id.* ¶ 18.)

39. Defendant Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Arkansas. (*Id.* ¶ 19.)

40. Defendant McKesson Corporation is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California. (*Id.* ¶ 13.)

41. Defendant Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Ohio. (*Id.* ¶ 14.)

42. Defendant AmerisourceBergen Corporation is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania. (*Id.* ¶ 15.)

43. Accordingly, all of the Manufacturer Defendants, Pharmacy Defendants, and Distributor Defendants are citizens of a state or foreign state other than Georgia.

### B. The Citizenship of Doe Defendants Should Be Ignored

44. The citizenship of the unnamed, unidentified Doe Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").

### C. The Citizenship of the Nominal Distributor Defendants Should Be Ignored

#### 1. The Nominal Distributor Defendants Are Fraudulently Joined

45. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendants are fraudulently joined. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under

the doctrine, the citizenship of fraudulently joined defendants is ignored for purposes of diversity jurisdiction. *See id.* A non-diverse defendant is fraudulently joined where "there is no possibility the plaintiff can establish a cause of action against" that defendant. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

46. Here, there is no possibility that Plaintiff can establish a cause of action against the Nominal Distributor Defendants because Plaintiff has not alleged that they did anything unlawful. Of the Complaint's 265 paragraphs, only four mention the Nominal Distributor Defendants. (Compl. ¶¶ 11–12, 16, 31.) Those four paragraphs consist entirely of conclusory jurisdictional allegations. Specifically, Plaintiff alleges that the Nominal Distributor Defendants are incorporated and headquartered in Georgia and that, on "information and belief," they distribute "prescription opioids in Georgia." (*Id.*) Plaintiff nowhere alleges any actual wrongdoing by the Nominal Distributor Defendants that could plausibly give rise to a colorable claim against them.

47. Where, as here, a plaintiff includes threadbare allegations against non-diverse defendants which fail to identify any wrongdoing by them, this Court and others have repeatedly held that the non-diverse defendants are fraudulently joined. *See, e.g.*, *Lewis v. PNC Bank, N.A.*, No. 2:13-CV-69-RWS, 2013 WL 6817090, at *2 (N.D. Ga. Dec. 26, 2013) (finding fraudulent joinder where "[p]laintiff does not

allege how [the non-diverse defendant] specifically committed any wrongdoing"); *Baker v. Select Portfolio Servicing, Inc.*, No. 1:12-cv-03493-JEC, 2013 WL 4806907, at *6 (N.D. Ga. Sept. 9, 2013) (finding fraudulent joinder where "plaintiff has not provided any specific factual basis for the claims" against the non-diverse defendants); *Jones v. Mortg. Elec. Registration Sys., Inc.*, No. 4:12-CV-00035-HLM, 2012 WL 13028595, at *5 (N.D. Ga. Mar. 12, 2012) (finding fraudulent joinder where "[p]laintiffs do not allege any wrongdoing by" the non-diverse defendant); *Galler v. 21st Mortg. Corp.*, No. 3:14-cv-174-MCR/EMT, 2014 WL 12701066, at *2 (N.D. Fla. Sept. 3, 2014) (finding fraudulent joinder where the complaint "includes no allegations of fact at all regarding" the non-diverse defendant).[4]

48. Nor can Plaintiff rely on the Complaint's undifferentiated, generalized allegations purporting to describe conduct of certain undefined "Defendants" or "Distributor Defendants" as these allegations are not attributable to the Nominal Distributor Defendants. "[G]eneric allegations of wrongdoing on the part of the

[4] *See also City of Brownsville v. Sw. Bell Tel. Co.*, Civ. A. No. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "[o]nly two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing"); *Cammack New Liberty, LLC v. Vizterra, LLC*, Civ. A. No. 3:09-15-DCR, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009) (finding fraudulent joinder where the complaint did "not allege wrongdoing on the part of" the non-diverse defendant); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant); *McGoey v. State Farm Ins. Co.*, Civ. A. No. 06-8954, 2007 WL 1166352, at *3 (E.D. La. Apr. 17, 2007) (finding fraudulent joinder where the complaint did "not allege any specific wrongdoing by" the non-diverse defendant).

non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002), *aff'd and remanded sub nom. Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). As courts have explained, "[a]lthough [Plaintiff's] complaint commonly employs the generic term 'defendants,' the context and nature of the individual allegations make clear that only the" diverse defendants are targeted. *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001). For example, where the Complaint generally proclaims that "the Distributor Defendants . . . have committed repeated violations of the laws and regulations of the United States" (*id.* ¶ 123), the immediately following paragraphs describe alleged conduct exclusively of Distributor Defendants McKesson, Cardinal, and AmerisourceBergen, with no mention of the Nominal Distributor Defendants (*id.* ¶¶ 127–134). Indeed, in the section of the Complaint titled "Distributor Defendants' Wrongful Conduct," the Nominal Distributor Defendants are never mentioned. (*Id.* ¶¶ 100–150.) Distributor Defendants McKesson, Cardinal, and AmerisourceBergen, by contrast, are all mentioned repeatedly. (*Id.*) Plaintiff repeats that model—a generic allegation against "Defendants" or "Distributor Defendants" substantiated by specific allegations against only diverse Defendants—throughout the Complaint.

49. Notably, the plaintiff lawyers who filed this action have filed numerous opioid-related actions—many of which include virtually identical allegations against "Distributor Defendants"—yet none of those actions name the Nominal Distributor Defendants.[5] The plaintiff lawyers have taken their form allegations against "Distributor Defendants" from other actions and tacked on threadbare jurisdictional recitals against the Nominal Distributor Defendants solely to thwart federal jurisdiction and avoid the MDL.

**2. The Nominal Distributor Defendants Should Be Severed Under Rule 21**

50. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21. Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20. Here, the Nominal Distributor Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants.[6]

---

[5] *See, e.g.*, *El Campo Mem'l Hosp. et al. v. McKesson Corp. et al.*, No. 4:18-cv-00751 (S.D. Tex.), Doc. 1 (Compl.) ¶¶ 103–142; *Rush Health Sys., Inc. v. McKesson Corp. et al.*, No. 3:17-cv-01012 (S.D. Miss.), Doc. 1 (Compl.) ¶¶ 97–153; *Baptist Hosp., Inc. et al. v. McKesson Corp. et al.*, No. 3:17-cv-00816 (N.D. Fla.), Doc. 1 (Compl.) ¶¶ 97–153; *J. Paul Jones Hosp. v. McKesson Corp. et al.*, No. 2:18-cv-00029 (S.D. Ala.), Doc. 1 (Compl.) ¶¶ 98–155.

[6] As noted above, Plaintiff has not alleged any wrongdoing by the Nominal Distributor Defendants and has attempted to mask this dispositive pleading deficiency by grouping the



4813-3740-2722
2924888-000022

51. As to severance of unnecessary and dispensable parties, "[i]t is firmly established that Rule 21 'invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time,' such as when necessary to establish federal subject-matter jurisdiction." *Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 815 F. 3d 1293, 1298 n.8 (11th Cir. 2016) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)). Under Rule 21, district courts may "dismiss a nondiverse dispensable defendant from an action initially brought in federal court under the pretense of diversity of citizenship grounds, in order to *perfect* diversity." *Byrd v. Howse Implement Co.*, 227 F.R.D. 692, 694 (M.D. Ala. 2005) (citing *Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967)). And it is proper for courts to do so in the removal context. *E.g.*, *Clements v. Essex Ins. Co.*, No. 6:16-cv-574-Orl-37GJK, 2016 WL 3144151, at *3 (M.D. Fla. June 6, 2016) (severing dispensable, non-diverse defendant and denying remand following removal, explaining that severance of the non-diverse defendant "preserves the Court's diversity jurisdiction").

---

Nominal Distributor Defendants together with the Distributor Defendants (McKesson, Cardinal, and AmerisourceBergen). Because Plaintiff attempts to lump its allegations against the Nominal Distributor Defendants (who are not alleged to have committed any wrongdoing) together with its allegations against the Distributor Defendants (who are alleged to have committed wrongdoing), the Rule 21 severance and fraudulent misjoinder arguments set forth herein would apply equally to the Distributor Defendants, and, to the extent the Court determines that the claims against the Pharmacy Defendants require an analysis of common factual and legal issues, the Pharmacy Defendants too. But because the Nominal Distributor Defendants are the only non-diverse Defendants here, the Court need only address the presence of the Nominal Distributor Defendants to find jurisdiction.

52. *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), is particularly instructive. There, the plaintiffs, citizens of Louisiana, brought a products liability action against the out-of-state manufacturer of the drug Heparin. *Id.* at 870. Before the case was removed, the plaintiffs amended their complaint to add as defendants various non-diverse healthcare provider companies, alleging that they engaged in "negligent acts and omissions in the administration of Heparin." *Id.* at 871. Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the diverse manufacturer defendant.

53. The court reasoned that the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]"; the medical malpractice claims against the healthcare providers "differ[ed] from the [plaintiffs'] products liability claim" against the manufacturer. *Id.* at 872. And, the court explained, the healthcare provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id.* at 873. Given the separate factual basis for plaintiffs' medical malpractice claims against the healthcare providers, the court found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]." *Id.* at 874.

54. Numerous other courts have followed the same approach in the removal context—*i.e.*, severed dispensable, non-diverse defendants under Rule 21, and denied remand as to diverse defendants. *See, e.g.*, *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705–07 (D. Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2–3 (E.D. Tenn. Dec. 20, 2012); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3–4 (N.D. Ohio July 8, 2009).

55. Likewise, here, this Court should sever the Nominal Distributor Defendants under Rule 21 and deny remand as to the Manufacturer Defendants because the Nominal Distributor Defendants are both unnecessary and dispensable under Rule 19. Alleged joint tortfeasors like the Nominal Distributor Defendants are unnecessary parties as a matter of settled law. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7–8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Lyons v. O'Quinn*, 607 F. App'x 931, 934 (11th Cir. 2015) ("[W]here joint tortfeasors may be jointly and severally liable, neither tortfeasor is an indispensable party.").

56. Moreover, just like *Baxter* (and many other cases) in which the plaintiff's claims against the diverse defendants and non-diverse defendants were



4813-3740-2722
2924888-000022

materially distinct, here Plaintiff's claims against the Manufacturer Defendants are materially distinct from those against the Nominal Distributor Defendants. Specifically, Plaintiff's allegations against the Manufacturer Defendants center on their alleged misrepresentations concerning the risks and benefits of FDA-approved prescription opioid medications made in marketing and promoting the medications. By contrast, Plaintiff's allegations against the Nominal Distributor Defendants have nothing to do with marketing or promotion of opioid medications. Instead, Plaintiff alleges that the Nominal Distributor Defendants—solely through Plaintiff's improper lumping of them together with the Distributor Defendants—violated purported statutory duties to notice and report suspicious opioid orders. There is no material overlap between the factual allegations against the Manufacturer Defendants and the Nominal Distributor Defendants that would make the Nominal Distributor Defendants necessary or indispensable parties under Rule 19.

57. Beyond Rule 19, the claims against the Nominal Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance. Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants. Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a

mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a).") (citation omitted). Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.[7] Because of the distinct factual underpinnings of the claims against the Nominal Distributor Defendants, those claims cannot properly be joined with claims against the Manufacturer Defendants.

58. Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio. *See* Exhibit 1. Courts across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction. *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251

---

[7] *See, e.g.*, *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6–7 (E.D. La. Sept. 10, 2014); *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502–05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683–84 (D. Nev. 2004); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

F.R.D. at 505 ("Plaintiffs' claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum."); *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process: they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside.").

59. As one court explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer defendant] to considerable prejudice. [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claims against [the manufacturer] in the MDL proceedings. For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]." *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

60. That Plaintiff asserts causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants (alleged misrepresentations in marketing and promoting opioid medications) is materially distinct from the factual basis for Plaintiff's claims against the Nominal Distributor Defendants (alleged failure to prevent or reduce the distribution of opioid products or to report suspicious orders). *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). And, as in *Baxter*, if Plaintiff wants to pursue claims against the Nominal Distributor Defendants, Plaintiff has an "adequate remedy . . . in state court." 614 F. Supp. 2d at 873.

### 3. The Nominal Distributor Defendants Are Also Fraudulently ***Mis*joined**

61. As an alternative to severance under Rule 21, the citizenship of the Nominal Distributor Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine. Fraudulent misjoinder, also



4813-3740-2722
2924888-000022

called procedural misjoinder, is different from fraudulent *joinder*. Fraudulent *mis*joinder "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (citation and internal quotation marks omitted).

62. The Eleventh Circuit has adopted the fraudulent misjoinder doctrine and held that "[a] defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)), *abrogated on another ground by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Courts within this Circuit have applied the doctrine as adopted in *Tapscott*, explaining that "federal courts may disregard citizenship of resident parties and sever and remand their claims when the factual nexus between these claims and claims of the diverse parties is so lacking as to render joinder under Federal Rule of Civil Procedure 20 nothing but an attempt to avoid federal jurisdiction." *M.W. v. Ford Motor Co.*, No. 8:14-cv-3132-T-24TBM, 2015 WL 1311029, at *4 (M.D. Fla. Mar. 24, 2015) (claims against non-diverse defendants were fraudulently misjoined where "[p]laintiffs do not satisfy the permissive joinder requirements of Federal Rule of

Civil Procedure 20(a)(2)") (citing *In re Trasylol Prods. Liab. Litig.*, 754 F. Supp. 2d 1331, 1335 (S.D. Fla. 2010)).

63. Notably, in opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4–5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order).

64. Even if the Court finds that the Nominal Distributor Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

65. In sum, because Plaintiff is a Georgia citizen, and because none of the properly joined Defendants is a Georgia citizen, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

66. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

67. Plaintiff asserts that it has spent "a substantial amount of money trying to remedy the harms" stemming from abuse of opioid medications, "including, but not limited to, costs of doctor and healthcare provider services." (Compl. ¶ 199.) Plaintiff further alleges that it has suffered "extraordinary economic damages, substantial loss of resources, and myriad human and capital costs" (*id.* ¶ 1), and describes its damages as including "medical care and other treatments for patients suffering from opioid-related addiction or disease, . . . lost opportunity costs . . . and . . . diversion of assets from the provision of other needed" services (*id.* ¶ 8). Plaintiff seeks compensatory damages, civil penalties, and punitive damages. (*Id.* Prayer For Relief ¶¶ (b)-(c), (e).) It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A. This Notice of Removal Is Timely

68. This Notice of Removal is timely filed. Endo Health Solutions Inc. received the Complaint through service on March 19, 2018, and Endo Pharmaceuticals Inc. received the Complaint through service on March 20, 2018. Because Endo filed the Notice of Removal on April 18, 2018, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

### B. All Properly Joined And Served Defendants Consent to Removal

69. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

70. The following properly served Defendants consent to removal, as indicated by their signing below: Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; McKesson; Cardinal; AmerisourceBergen; CVS Health Corporation; Walgreens Boots Alliance, Inc.; and Wal-Mart Stores, Inc.

71. The following Defendants have not been properly served, and thus their consent to removal is not required: Teva Pharmaceutical Industries, Ltd.;[8] Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; and Mallinckrodt plc d/b/a Mallinckrodt Pharmaceuticals.[9] Nevertheless, they consent to removal. The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

72. The Nominal Distributor Defendants are not properly joined in this action, and thus their consent to removal is not required.

73. By filing this Notice of Removal, neither Endo nor any other defendant waives any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Endo and the remaining defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

---

[8] Teva Pharmaceutical Industries, Ltd., a foreign company, has not been properly served and expressly reserves all defenses related to personal jurisdiction and service of process.

[9] Mallinckrodt plc disputes that it has been served, but consents to removal to the extent this Court finds service was proper and expressly reserves all defenses, including those related to personal jurisdiction and service of process.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the State Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia.

DATED: April 18, 2018

/s/ Jennifer G. Cooper
Jennifer G. Cooper
Brent W. Cole
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E.
Suite 1600
Atlanta, GA 30326
jcooper@bakerdonelson.com
bcole@bakerdonelson.com
Telephone: (404) 577-6000
Facsimile: (404) 221-6501

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO PHARMACEUTICALS INC.
** denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC.:

/s/ Mark S. Cheffo*
Mark S. Cheffo*
Hayden A Coleman*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
markcheffo@quinemanuel.com
haydencoleman@quinnemanuel.com
* *denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants TEVA PHARMACEUTICAL INDUSTRIES, LTD.,[10] TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, and ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.:

/s/ Wendy West Feinstein*
Wendy West Feinstein*
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-7455
wendy.feinstein@morganlewis.com

Tinos Diamantatos*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1145
tinos.diamantatos@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
brian.ercole@morganlewis.com
* *denotes national counsel who will seek pro hac vice admission*

[10] Teva Pharmaceutical Industries, Ltd., a foreign company, has not been properly served and expressly reserves all defenses related to personal jurisdiction and service of process.

Consent to removal on behalf of Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., and JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.:

/s/ Charles C. Lifland*
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
** denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants ALLERGAN PLC F/K/A ACTAVIS PLC and ALLERGAN FINANCE, LLC F/K/A ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.:

/s/ Seth Litman
Seth Litman
THOMPSON HINE LLP
3560 Lenox Rd NE #1600
Atlanta, GA 30326-4266
(404) 541-2967
seth.litman@ThompsonHine.com

Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
** denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant MALLINCKRODT PLC:

/s/ Brien T. O'Connor*
Brien T. O'Connor*
Andrew J. O'Connor*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com
* *denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant MCKESSON CORPORATION:

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
KREVOLIN | HORST LLC
1201 W. Peachtree St., NW
Suite 3250
Atlanta, GA 30309
(404) 888-9611
hknapp@khlawfirm.com

Neil Roman*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841 1221
nroman@cov.com
** denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:

s/ Ashley W. Hardin*
Ashley W. Hardin*
Steven M. Pyser*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5960
ahardin@wc.com
spyser@wc.com
* *denotes national counsel who will seek pro hac vice admission*



4813-3740-2722
2924888-000022

Consent to removal on behalf of Defendant AMERISOURCEBERGEN CORPORATION:

/s/ Edward M. Newsom
Edward M. Newsom
Georgia Bar No. 541440
Eileen H. Rumfelt
Georgia Bar No. 040608
MILLER & MARTIN PLLC
1180 West Peachtree St., N.W.
Suite 2100
Atlanta, Georgia 30309-7649
Telephone: (404) 962-6100
Facsimile: (404) 962-6300
eddie.newsom@millermartin.com
eileen.rumfelt@millermartin.com

Robert A. Nicholas*
Shannon E. McClure*
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com
* *denotes national counsel who will seek pro hac vice admission*

Alvin L. Emch*
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com
* *denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
CVS HEALTH CORPORATION:

s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No.: 649100
rsinkfield@rh-law.com
Dan F. Laney
Georgia Bar No.: 435290
dlaney@rh-law.com
ROGERS & HARDIN LLP
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone: (404) 522-4700

Eric R. Delinsky*
edelinsky@zuckerman.com
Alexandra W. Miller*
smiller@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036-5807
Telephone: (202) 778-1800
** denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant WALGREENS BOOTS ALLIANCE, INC.:

/s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr*
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 West Hubbard St., Ste. 300
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com
** denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant WAL-MART STORES, INC.:[11]

/s/ *Laura K. Gura*
Laura K. Gura (Ga. Bar No. 487308)
JONES DAY
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309
(404) 581-8980
lgura@jonesday.com

Christopher Lovrien*
Claire E. Castles*
Sarah G. Conway*
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
(213) 243-2629
cjlovrien@jonesday.com
ccastles@jonesday.com
sgconway@jonesday.com
* *denotes national counsel who will seek pro hac vice admission*

[11] As of February 1, 2018, Wal-Mart Stores, Inc. is known as Walmart Inc.

## CERTIFICATION PURSUANT TO LOCAL RULE 5.1B

This is to certify that this Pleading was created in Times New Roman 14-point font with a 1.5" top margin in accordance with Local Rule 5.1B.

/s/ Jennifer G. Cooper
**BAKER,DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
Jennifer G. Cooper
Georgia Bar No. 305225
Brent W. Cole
Georgia Bar No. 294999



4813-3740-2722
2924888-000022

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF filing system, which will automatically send email notification of such filing to the following attorney of record, as well as by U.S. Mail, to:

| | |
|---|---|
| J. Nixon Daniel, III<br>John R. Zoesch, III<br>**BEGGS & LANE, RLLP**<br>501 Commendencia Street<br>Pensacola, FL 32502<br>*Counsel for Plaintiff* | T. Roe Frazer II<br>Patrick D. McMurtray<br>Thomas Roe Frazer III<br>**FRAZER PLC**<br>1 Burton Hills Blvd., Suite 215<br>Nashville, TN 37215<br>*Counsel for Plaintiff* |
| Frederick T. Kuykendall, III<br>**THE KUYKENDALL GROUP**<br>2013 1st Avenue North, Ste 450<br>Birmingham, Alabama 35203<br>*Counsel for Plaintiff* | Grant D. Amey<br>**Law Office of Grant D. Amey, LLC**<br>P.O. Box 67<br>Fairhope, Alabama 36533<br>*Counsel for Plaintiff* |
| Halsey G. Knapp, Jr.<br>**Krevolin Horst, LLC**<br>One Atlantic Center<br>1201 W. Peachtree Street, NW<br>Suite 3250<br>Atlanta, Georgia 30309<br>*Counsel for McKesson Corporation and PSS World Medical, Inc.* | Tinos Diamantatos<br>**Morgan, Lewis, & Bockius LLP**<br>77 West Wacker Drive<br>Chicago, IL 60601-5094<br>*Counsel for Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.* |
| Dale Sisco<br>**SISCO-LAW**<br>1110 N. Florida Avenue<br>Tampa, FL 33602<br>*Counsel for Attain Med, Inc.* | Bloodworth Wholesale Drugs, Inc.<br>c/o George Bloodworth<br>2128 Yank Lamb Drive<br>Tifton, Georgia 31793 |

| | |
|---|---|
| Ashley W. Hardin<br>**Williams & Connolly LLP**<br>725 Twelfth Street, NW<br>Washington D.C. 20005<br>*Counsel for Cardinal Health, Inc.* | Charles C. Lifland<br>**O'Melveny & Myers LLP**<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>*Counsel for Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc., n/k/a Janssen Pharmaceuticals, Inc.* |
| Mark S. Cheffo<br>**Quinn Emanuel Urquhart & Sullivan, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>*Counsel for Purdue Pharma L.P, Purdue Pharma Inc., and The Purdue Frederick Company, Inc.* | Edward M. Newsom<br>**Miller & Martin, PLLC**<br>**Regions Plaza, Suite 2100**<br>1180 West Peachtree St. N.W.<br>Atlanta, Georgia 30309<br>*Counsel for AmerisourceBergen Corp.* |
| Brien T. O'Connor<br>**ROPES & GRAY LLP**<br>Prudential Tower, 800 Boylston Street<br>Boston, MA 02199-3600<br>*Counsel for Mallinckrodt PLC d/b/a Mallinckrodt Pharmaceuticals* | Seth Litman<br>**Thompson Hine LLP**<br>3560 Lenox Rd NE #1600<br>Atlanta, Georgia 30326<br>*Counsel for Allergen PLC f/k/a Actavis PLC and Actavis, Inc. n/k/a Allergan Finance, LLC f/k/a Watson Pharmaceuticals* |
| Kaspar Stoffelmayr*<br>**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**<br>54 West Hubbard St., Ste. 300<br>Chicago, Illinois 60654<br>*Counsel for Walgreens Boots Alliance, Inc.* | Richard H. Sinkfield<br>**ROGERS & HARDIN LLP**<br>2700 International Tower, Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, GA 30303<br>*Counsel for CVS Health Corporation* |

| | |
|---|---|
| Laura K. Gura<br>**JONES DAY**<br>1420 Peachtree Street NE, Suite 800<br>Atlanta, GA 30309<br>*Counsel for Walmart, Inc.* | |

This 18th day of April, 2018.

/s/ Jennifer G. Cooper
**BAKER,DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
Jennifer G. Cooper
Georgia Bar No. 305225
Brent W. Cole
Georgia Bar No. 294999
3414 Peachtree Road NE
Monarch Plaza, Suite 1600
Atlanta, Georgia 30326
(404) 577-6000
jcooper@bakerdonelson.com
bcole@bakerdonelson.com