# EXHIBIT 3

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of Fulton County

**For Clerk Use Only**

Date Filed ______________ Case Number ______________
MM-DD-YYYY

| Plaintiff(s) | Defendant(s) |
|---|---|
| ApolloMD Business Services, LLC | Attain Med, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Bloodworth Wholesale Drugs, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | McKesson Corporation |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Cardinal Health, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

Plaintiff's Attorney Mary Jane Bass Bar Number 547045 Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17EV005007 ______________
Case Number Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ______________
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

______________

______________

Version 1.1.18

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Fulton County

**For Clerk Use Only**

**Date Filed** ______________ **Case Number** ______________
MM-DD-YYYY

| Plaintiff(s) | Defendant(s) |
|---|---|
| ApolloMD Business Services, LLC | Amerisourcebergen Corporation |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | CVS Health Corporation |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Walgreens Boots Alliance, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Wal-mart Stores, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Mary Jane Bass **Bar Number** 547045 **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17EV005007 ______________
Case Number Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ______________
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

______________

State Court of Fulton County

**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Fulton County

**For Clerk Use Only**

Date Filed ____________ (MM-DD-YYYY) Case Number ____________

| Plaintiff(s) | Defendant(s) |
|---|---|
| ApolloMD Business Services, LLC | Purdue Pharma, L.P. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Purdue Pharma, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | The Purdue Frederick Company, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Teva Pharmaceutical Industries, Ltd. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

Plaintiff's Attorney Mary Jane Bass Bar Number 547045 Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17EV005007 (Case Number) ____________ (Case Number)

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ____________ (Language(s) Required)

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

____________

State Court of Fulton County

**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Fulton County

**For Clerk Use Only**

Date Filed ____________ Case Number ____________
MM-DD-YYYY

| Plaintiff(s) | Defendant(s) |
|---|---|
| ApolloMD Business Services, LLC | Teva Pharmaceuticals USA, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Cephalon, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Johnson & Johnson |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Janssen Pharmaceuticals, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

Plaintiff's Attorney Mary Jane Bass Bar Number 547045 Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17EV005007 ____________
Case Number Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ____________
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

____________

____________

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Fulton County

**For Clerk Use Only**

Date Filed ____________ Case Number ____________
MM-DD-YYYY

| Plaintiff(s) | Defendant(s) |
|---|---|
| ApolloMD Business Services, LLC | Ortho-McNeil-Janssen Pharmaceuticals, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Janssen Pharmaceutica, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Endo Health Solutions, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Endo Pharmaceuticals, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Mary Jane Bass **Bar Number** 547045 **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17EV005007 ____________
Case Number Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ____________
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

____________

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Fulton County

**For Clerk Use Only**

**Date Filed** ____________ MM-DD-YYYY    **Case Number** ____________

| Plaintiff(s) | Defendant(s) |
|---|---|
| ApolloMD Business Services, LLC | Allergan PLC f/k/a Actavis PLC |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Watson Pharmaceuticals, Inc. n/k/a Actavis, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Watson Laboratories, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Actavis LLC |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Mary Jane Bass    **Bar Number** 547045    **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17EV005007 (Case Number)    ____________ (Case Number)

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ____________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Fulton County

**For Clerk Use Only**

**Date Filed** ____________ **Case Number** ____________
MM-DD-YYYY

**Plaintiff(s)**

ApolloMD Business Services, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. | | | | |
| Mallinckrodt, PLC d/b/a Mallinckrodt Pharmaceuticals | | | | |
| John Does 1-100 | | | | |
| | | | | |

**Plaintiff's Attorney** Mary Jane Bass **Bar Number** 547045 **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17EV005007 ____________
Case Number / Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ____________
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

____________

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

**APOLLOMD BUSINESS SERVICES, LLC
a Georgia Limited Liability Company,**

**Plaintiff,**

v. CASE NO.: ____________________

**ATTAIN MED, INC.; BLOODWORTH
WHOLESALE DRUGS, INC.;
MCKESSON CORPORATION;
CARDINAL HEALTH, INC.;
AMERISOURCEBERGEN CORPORATION;
CVS HEALTH CORPORATION;
WALGREENS BOOTS ALLIANCE, INC.;
WAL-MART STORES, INC.;
PURDUE PHARMA L.P.;
PURDUE PHARMA, INC.;
THE PURDUE FREDERICK COMPANY, INC.;
TEVA PHARMACEUTICAL INDUSTRIES, LTD.;
TEVA PHARMACEUTICALS USA, INC.;
CEPHALON, INC.;
JOHNSON & JOHNSON;
JANSSEN PHARMACEUTICALS, INC.;
ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN
PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.;
ENDO HEALTH SOLUTIONS INC.;
ENDO PHARMACEUTICALS, INC.;
ALLERGAN PLC f/k/a ACTAVIS PLC;
WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.;
WATSON LABORATORIES, INC.;
ACTAVIS LLC;
ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.,
MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS,
and John Does 1-100,**

**Defendants.**

## COMPLAINT (JURY TRIAL DEMANDED)

Comes now the Plaintiff, ApolloMD Business Services, LLC a Georgia limited liability company (hereinafter referred to as "ApolloMD"), by and through its attorneys, and files suit against the Defendants and would show as follows:

## INTRODUCTION

1. The addiction epidemic of prescription opioid abuse in the United States has caused health care providers, including APOLLOMD, extraordinary economic damages, substantial loss of resources, and myriad human and capital costs. This epidemic is the largest health care crisis in U.S. history, and it has financially injured and burdened APOLLOMD.

2. Prescription opioids are deadlier than heroin. According to the National Institutes of Health, prescription opioids kill almost twice as many people in the United States as heroin. Prescription opioids and related drug overdose deaths surpass car accident deaths in the U.S. The costs to health care are overwhelming.

3. This epidemic and its consequences could have been, and should have been, prevented by the Defendants who control the U.S. drug distribution industry and the Defendants who manufacture the prescription opioids. These Defendants have profited greatly by allowing the geographic areas that APOLLOMD serves to become flooded with prescription opioids.

4. The drug distribution industry is supposed to serve as a "check" in the drug delivery system, by securing and monitoring opioids at every step of the stream of commerce, protecting them from theft and misuse, and refusing to fulfill suspicious or unusual orders by downstream pharmacies, doctors, clinics, or patients. Defendants woefully failed in this duty, instead consciously ignoring known or knowable problems and data in their supply chains.

5. Defendants thus intentionally and negligently created conditions in which vast

amounts of opioids have flowed freely from drug manufacturers to innocent patients who became addicted, to opioid abusers, and even to illicit drug dealers - with distributors regularly fulfilling suspicious orders from pharmacies and clinics, who were economically incentivized to ignore "red flags" at the point of sale and before dispensing the pills.

6. Defendants' wrongful conduct has allowed millions of opioid pills to be diverted from legitimate channels of distribution into the illicit black market in quantities that have fueled the opioid epidemic in the patient demographic areas of APOLLOMD. This is characterized as "opioid diversion." Acting against their common law and statutory duties, Defendants have created an environment in which opioid diversion is rampant. As a result, unknowing patients and unauthorized opioid users have ready access to illicit sources of diverted opioids.

7. For years, Defendants and their agents have had the ability to substantially reduce the death toll and adverse economic consequences of opioid diversion, including the deaths and health ruination of hundreds of thousands of citizens. Substantial expenditures by and services of APOLLOMD in dealing with the problem have gone un-recouped and unreimbursed. All the Defendants in this action share responsibility for perpetuating the epidemic.

8. Defendants have foreseeably caused damages to APOLLOMD including the unreimbursed and/or un-recouped costs of providing: (a) medical care and other treatments for patients suffering from opioid-related addiction or disease, including overdoses and deaths; (b) lost opportunity costs; and (c) the diversion of assets from the provision of other needed health.

9. APOLLOMD brings this civil action for injunctive relief, compensatory damages, statutory damages, and any other relief allowed by law against the Defendant opioid drug distributors, retailers, and manufacturers that, by their actions and omissions, knowingly or negligently have distributed and dispensed prescription opioid drugs in a manner that foreseeably

injured, and continues to injure, APOLLOMD.

## PARTIES

10. The Plaintiff, APOLLOMD, is Georgia limited liability company with its principal place of business in Atlanta, Georgia. APOLLOMD provides administrative and management services to medical groups who/that contract with hospitals and health systems to provide physician and medical services within the anesthesia, emergency medicine, hospital medicine, palliative care, and radiology medical fields. These contracts are in multiple locations across the United States, including Georgia (hereinafter referred to as "the geographic areas served by APOLLOMD).

11. Attain Med, Inc. ("Attain Med") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Upon information and belief, Attain Med has distributed substantial amounts of prescription opioids in Georgia and to providers and retailers in the geographic areas served by of APOLLOMD.

12. Bloodworth Wholesale Drugs, Inc. ("Bloodworth") is a Georgia corporation with its principal place of business in Tifton, Georgia. Upon information and belief, Bloodworth has distributed substantial amounts of prescription opioids in Georgia and to providers and retailers in the geographic areas served by APOLLOMD.

13. McKesson Corporation ("McKesson") has its principal place of business in San Francisco, California and is incorporated under the laws of Delaware. During all relevant times, McKesson has distributed substantial amounts of prescription opioids to providers and retailers in the geographic areas served by APOLLOMD.

14. Cardinal Health, Inc. ("Cardinal") has its principal place of business in Ohio and is incorporated under the laws of Ohio. During all relevant times, Cardinal has distributed substantial

amounts of prescription opioids to providers and retailers in the geographic areas served by APOLLOMD.

15. AmerisourceBergen Corporation ("AmerisourceBergen") has its principal place of business in Pennsylvania and is incorporated under the laws of Delaware. During all relevant times, AmerisourceBergen has distributed substantial amounts of prescription opioids to providers and retailers in the geographic areas served by APOLLOMD.

16. Attain Med, Bloodworth, McKesson, Cardinal, and AmerisourceBergen are collectively referred to hereinafter as "Distributor Defendants."

17. CVS Health Corporation is a Delaware corporation with its principal place of business in Rhode Island. During all relevant times, CVS Health has sold and continues to sell prescription opioids in close proximity to the hospitals, clinics, and other health care facilities serving patients of APOLLOMD and its physicians.

18. Walgreens Boots Alliance, Inc., a/k/a Walgreen Co. ("Walgreens") is a Delaware corporation with its principal place of business in Illinois. At all relevant times, Walgreens has sold and continues to sell prescription opioids in close proximity to the hospitals, clinics, and other healthcare facilities serving patients of APOLLOMD and its physicians.

19. Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business in Arkansas. At all relevant times, Wal-Mart has sold and continues to sell prescription opioids at locations in close proximity to the hospitals, clinics and other healthcare facilities serving patients of APOLLOMD and its physicians.

20. CVS Health, Walgreens, and Wal-Mart are collectively referred to hereinafter as the "Pharmacy Defendants."

21. Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware.

Purdue Pharma, Inc. is a New York corporation with its principal place of business in Stamford, Connecticut, and The Purdue Frederick Company is a Delaware corporation with its principal place of business in Stamford, Connecticut (collectively, "Purdue"). Purdue manufactures, promotes, sells, and distributes opioids such as OxyContin, MS Contin, Dilaudid/Dilaudid HP, Butrans, Hysingla ER, and Targiniq ER in the U.S., including Georgia and the other geographic areas served by APOLLOMD. OxyContin is Purdue's best-selling opioid. Since 2009, Purdue's annual sales of OxyContin have fluctuated between $2.47 billion and $2.99 billion, up four-fold from its 2006 sales of $800 million. OxyContin constitutes roughly 30% of the entire market for analgesic drugs (painkillers).

22. Cephalon, Inc. ("Cephalon") is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. Cephalon manufactures, promotes, sells, and distributes opioids such as Actiq and Fentora in the U.S., . Actiq and Fentora have been approved by the FDA only for the "management of breakthrough cancer pain in patients 16 years of age and older who are already receiving and who are tolerant to opioid therapy for their underlying persistent cancer pain." In 2008, Cephalon pled guilty to a criminal violation of the Federal Food, Drug and Cosmetic Act for its misleading promotion of Actiq and two other drugs and agreed to pay $425 million.

23. Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") is an Israeli corporation with its principal place of business in Petah Tikva, Israel. Teva Pharmaceuticals USA, Inc. ("Teva USA") is a wholly- owned subsidiary of Teva Ltd. and is a Delaware corporation with its principal place of business in Pennsylvania. Teva USA acquired Cephalon in October 2011.

24. Teva Ltd., Teva USA, and Cephalon collaborate to market and sell Cephalon products in the U.S. Teva Ltd. conducts all sales and marketing activities for Cephalon in the U.S.

through Teva USA. Teva Ltd. and Teva USA publicize Actiq and Fentora as Teva products. Teva USA sells all former Cephalon branded products through its "specialty medicines" division. The FDA-approved prescribing information and medication guide, which is distributed with Cephalon opioids marketed and sold in Georgia, and the other geographic areas of patients and employees of APOLLOMD, discloses that the guide was submitted by Teva USA, and directs physicians to contact Teva USA to report adverse events. Teva Ltd. has directed Cephalon to disclose that it is a wholly-owned subsidiary of Teva Ltd. on prescription savings cards distributed in Georgia, and the other geographic areas served by APOLLOMD, indicating Teva Ltd. would be responsible for covering certain co-pay costs. All of Cephalon's promotional websites, including those for Actiq and Fentora, prominently display Teva Ltd.'s logo. Teva Ltd.'s financial reports list Cephalon's and Teva USA's sales as its own. Through interrelated operations like these, Teva Ltd. operates in Georgia and the rest of the U.S. through its subsidiaries Cephalon and Teva USA. The U.S. is the largest of Teva Ltd.'s global markets, representing 53% of its global revenue in 2015, and, were it not for the existence of Teva USA and Cephalon, Inc., Teva Ltd. would conduct those companies' business in the United States itself. Upon information and belief, Teva Ltd. directs the business practices of Cephalon and Teva USA, and their profits inure to the benefit of Teva Ltd. as controlling shareholder. (Teva Ltd., Teva USA, and Cephalon, Inc. are hereinafter collectively referred to as "Cephalon.")

25. Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey, and is a wholly owned subsidiary of Johnson & Johnson (J&J), a New Jersey corporation with its principal place of business in New Brunswick, New Jersey. Ortho-McNeil-Janssen Pharmaceuticals, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey.

Janssen Pharmaceutica Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. J&J is the only company that owns more than 10% of Janssen Pharmaceuticals' stock, and corresponds with the FDA regarding Janssen's products. Upon information and belief, J&J controls the sale and development of Janssen Pharmaceuticals' drugs and Janssen's profits inure to J&J's benefit. (Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc., and J&J hereinafter are collectively referred to as "Janssen."). Janssen manufactures, promotes, sells, and distributes drugs, including the opioid Duragesic, in the U.S., including Georgia and the other geographic areas served by APOLLOMD. Before 2009, Duragesic accounted for at least $1 billion in annual sales. Until January 2015, Janssen developed, marketed, and sold the opioids Nucynta and Nucynta ER. Together, Nucynta and Nucynta ER accounted for $172 million in sales in 2014.

26. Endo Health Solutions Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. Endo Pharmaceuticals Inc. is a wholly-owned subsidiary of Endo Health Solutions Inc. and is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. (Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. hereinafter are collectively referred to as "Endo.") Endo develops, markets, and sells prescription drugs, including the opioids Opana/Opana ER, Percodan, Percocet, and Zydone, in the U.S., including Georgia and the other geographic areas served by APOLLOMD. Opioids made up roughly $403 million of Endo's overall revenues of $3 billion in 2012. Opana ER yielded $1.15 billion in revenue from 2010 and 2013, and it accounted for 10% of Endo's total revenue in 2012. Endo also manufactures and sells generic opioids such as oxycodone, oxymorphone, hydromorphone, and

hydrocodone products in the U.S., including Georgia and the other geographic areas served by APOLLOMD, by itself and through its subsidiary, Qualitest Pharmaceuticals, Inc.

27. Allergan PLC is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. Actavis PLC acquired Allergan PLC in March 2015, and the combined company changed its name to Allergan PLC in January 2013. Before that, Watson Pharmaceuticals, Inc. acquired Actavis, Inc. in October 2012, and the combined company changed its name to Actavis, Inc. as of January 2013, later to Actavis PLC in October 2013. Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Corona, California, and is a wholly-owned subsidiary of Allergan PLC (f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.). Actavis Pharma, Inc. (f/k/a Actavis, Inc.) is a Delaware corporation with its principal place of business in New Jersey and was formerly known as Watson Pharma, Inc. Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. Each of these defendants is owned by Allergan PLC, which uses them to market and sell its drugs in the United States. Upon information and belief, Allergan PLC exercises control over and derives financial benefit from the marketing, sales, and profits of Allergan/Actavis products. (Allergan PLC, Actavis PLC, Actavis, Inc., Actavis LLC, Actavis Pharma, Inc., Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. hereinafter are referred to collectively as "Actavis.") Actavis manufactures, promotes, sells, and distributes opioids, including the branded drugs Kadian and Norco, a generic version of Kadian, and generic versions of Duragesic and Opana, in the U.S., j including Georgia and the other geographic areas served by APOLLOMD. Actavis acquired the rights to Kadian from King Pharmaceuticals, Inc. on December 30, 2008, and began marketing Kadian in 2009.

28. Mallinckrodt, PLC ("Mallinckrodt") is an alien company doing business as Mallinckrodt Pharmaceuticals, maintaining its principal place of business in the United States in St. Louis, Missouri. Mallinckrodt is one of the largest manufacturers of the generic opioid oxycodone.

29. Purdue, Cephalon, Janssen, Endo, Actavis, and Mallinckrodt are collectively referred to hereinafter as the "Pharmaceutical Defendants."

30. The Plaintiff presently lacks information sufficient to specifically identify the true names or capacities, whether individual, corporate or otherwise, of the Defendants sued herein under the fictitious names DOES 1 through 100 inclusive. The Plaintiff will amend this Complaint to show their true names and capacities if and when they are ascertained. The Plaintiff is informed and believes, and on such information and belief alleges, that each of the Defendants named as a DOE is responsible in some manner for the events and occurrences alleged in this Complaint and is liable for the relief sought herein.

## JURISDICTION AND VENUE

31. This Court has jurisdiction over Defendants Attain Med and Bloodworth in that they are headquartered in Georgia. This Court has jurisdiction over the remaining Defendants pursuant to the provisions of O.C.G.A § 9-10-91 in that Defendants, by and through their authorized agents, servants and employees, regularly transacted business in Georgia, manufactured, supplied, and distributed opioids in Georgia and further through their acts and omissions tortuously caused injuries in Georgia by engaging in a continuous and systematic course of conduct in Georgia which violated Georgia law. Defendants derived substantial revenue as the result of the opioids which were distributed in Georgia.

32. Defendants have engaged in conduct and activities over a long period of time,

systematically, individually, jointly, and severally in the geographic areas served by APOLLOMD that have caused all of the Plaintiff's damages and all of which form the bases of the causes of action in this Complaint. Defendants have repeatedly and systematically committed multiple torts and breaches within the geographic areas served by APOLLOMD.

33. Venue is proper in Fulton County pursuant to O.C.G.A. § 9-10-93. Venue is proper in that the tortious acts and omissions giving rise to the causes of action alleged herein occurred in Fulton County.

34. This action is non-removable because there is incomplete diversity of residents and no substantial federal question is presented.

## BACKGROUND FACTS

35. Opioid means "opium - like" and the term includes all drugs derived in whole or in part from the opium poppy. The United States Food and Drug Administration's website describes this class of drugs as follows: "Prescription opioids are powerful pain-reducing medications that include prescription oxycodone, hydrocodone, and morphine, among others, and have both benefits as well as potentially serious risks. These medications can help manage pain when prescribed for the right condition and when used properly. But when misused or abused, they can cause serious harm, including addiction, overdose, and death."

36. Prescription opioids with the highest potential for addiction are categorized under Schedule II of the Controlled Substances Act. They include non-synthetic derivatives of the opium poppy (such as codeine and morphine, which are also called "opiates"), partially synthetic derivatives (such as hydrocodone and oxycodone), or fully synthetic derivatives (such as fentanyl and methadone).

37. Before the epidemic of prescription opioids, the generally accepted standard of medical practice was that opioids should only be used short-term for acute pain, pain relating to recovery from surgery, or for cancer or palliative (end-of-life) care. Due to the lack of evidence that opioids improved patients' ability to overcome pain and function, coupled with evidence of greater pain complaints as patients developed tolerance to opioids over time and the serious risk of addiction and other side effects, the use of opioids for chronic pain was discouraged or prohibited. As a result, doctors generally did not prescribe opioids for chronic pain.

## PHARMACEUTICAL DEFENDANTS' WRONGFUL CONDUCT

38. To establish and exploit the lucrative market of chronic pain patients, each Pharmaceutical Defendant developed a well-funded, sophisticated, and deceptive marketing and/or distribution scheme targeted at consumers and physicians. These Defendants used direct marketing, as well as veiled advertising by seemingly independent third parties to spread false and deceptive statements about the risks and benefits of long-term opioid use – statements that created the "new" market for prescription opioids, upended the standard medical practice, and benefited other Defendants and opioid manufacturers. These statements were unsupported by and contrary to the scientific evidence. These statements were also contrary to pronouncements by and guidance from the FDA and CDC based on that evidence. They also targeted susceptible prescribers and vulnerable patient populations, including those in the geographic areas served by APOLLOMD.

39. The Pharmaceutical Defendants spread their false and deceptive statements by marketing their branded opioids directly to doctors and patients in Georgia and the other geographic areas served by APOLLOMD. Defendants also deployed seemingly unbiased and independent third parties that they controlled to spread their false and deceptive statements about

the risks and benefits of opioids for the treatment of chronic pain throughout geographic areas and patient demographics of APOLLOMD.

40. The Pharmaceutical Defendants' direct and branded ads deceptively portrayed the benefits of opioids for chronic pain. For example, Endo distributed and made available on its website opana.com a pamphlet promoting Opana ER with photographs depicting patients with physically demanding jobs, misleadingly implying that the drug would provide long-term pain-relief and functional improvement. Purdue ran a series of ads, called "Pain Vignettes," for OxyContin that featured chronic pain patients and recommended OxyContin for each. One ad described a "54-year-old writer with osteoarthritis of the hands" and implied that OxyContin would help the writer work more effectively. While Endo and Purdue agreed in 2015-16 to stop these particularly misleading representations in New York, they continued to disseminate them in Georgia and the other geographic areas served by APOLLOMD.

41. The Pharmaceutical Defendants also promoted the use of opioids for chronic pain through "detailers" – sophisticated and specially trained sales representatives who visited individual doctors and medical staff, and fomented small-group speaker programs. In 2014, for instance, these Defendants spent almost $200 million on detailing branded opioids to doctors.

42. The FDA has cited at least one of these Defendants for deceptive promotions by its detailers and direct-to-physician marketing. In 2010 an FDA-mandated "Dear Doctor" letter required Actavis to inform doctors that "Actavis sales representatives distributed . . . promotional materials that . . . omitted and minimized serious risks associated with [Kadian]," including the risk of "[m]isuse, [a]buse, and [d]iversion of [o]pioids" and, specifically, the risk that "[o]pioid[s] have the potential for being abused and are sought by drug abusers and people with addiction disorders and are subject to criminal diversion."

43. The Pharmaceutical Defendants invited doctors to participate, for payment and other remuneration, on and in speakers' bureaus and programs paid for by these Defendants. These speaker programs were designed to provide incentives for doctors to prescribe opioids, including recognition and compensation for being selected as speakers. These speakers give the false impression that they are providing unbiased and medically accurate presentations when they are, in fact, presenting a script prepared by these Defendants. On information and belief, these presentations conveyed misleading information, omitted material information, and failed to correct Defendants' prior misrepresentations about the risks and benefits of opioids.

44. The Pharmaceutical Defendants' detailing to doctors was highly effective in the national proliferation of prescription opioids. Defendants used sophisticated data mining and intelligence to track and understand the rates of initial prescribing and renewal by individual doctors, allowing specific and individual targeting, customizing, and monitoring of their marketing.

45. The Pharmaceutical Defendants have had unified marketing plans and strategies from state to state, including Georgia and the other geographic areas served by APOLLOMD. This unified approach ensures that Defendants' messages were and are consistent and effective across all their marketing efforts.

46. The Pharmaceutical Defendants deceptively marketed opioids in Georgia and the other geographic areas served by APOLLOMD through unbranded advertising that promoted opioid use generally, yet silent as to a specific opioid. This advertising was ostensibly created and disseminated by independent third parties, but funded, directed, coordinated, edited, and distributed, in part or whole, by these Defendants and their public relations firms and agents.

47. The Pharmaceutical Defendants used putative third-party, unbranded advertising to avoid regulatory scrutiny as such advertising is not submitted to or reviewed by the FDA. These Defendants used third-party, unbranded advertising to create the false appearance that the deceptive messages came from an independent and objective source.

48. The Pharmaceutical Defendants' deceptive unbranded marketing also contradicted their branded materials reviewed by the FDA.

49. The Pharmaceutical Defendants marketed opioids through a small circle of doctors who were vetted, selected, funded, and promoted by these Defendants because their public positions supported the use of prescription opioids to treat chronic pain. These doctors became known as "key opinion leaders" or "KOLs." These Defendants paid KOLs to serve in a number of doctor-facing and public-facing capacities, all designed to promote a pro-opioid message and to promote the opioid industry pipeline, from manufacture to distribution to retail.

50. These Defendants entered into and/or benefitted from arrangements with seemingly unbiased and independent organizations or groups that generated treatment guidelines, unbranded materials, and programs promoting chronic opioid therapy, including the American Pain Society ("APS"), American Geriatrics Society ("AGS"), the Federation of State Medical Boards ("FSMB"), American Chronic Pain Association ("ACPA"), American Society of Pain Education ("ASPE"), National Pain Foundation ("NPF"), and Pain & Policy Studies Group ("PPSG").

51. The Pharmaceutical Defendants collaborated, through the aforementioned organizations and groups, to spread deceptive messages about the risks and benefits of long-term opioid therapy.

52. To convince doctors and patients in Georgia and the other geographic areas served by APOLLOMD that opioids can and should be used to treat chronic pain, these Defendants had

to persuade them that long-term opioid use is both safe and helpful. Knowing that they could do so only by deceiving those doctors and patients about the risks and benefits of long-term opioid use, these Defendants made claims that were not supported by or were contrary to the scientific evidence and which were contradicted by data.

53. To convince doctors and patients that opioids are safe, the Pharmaceutical Defendants deceptively trivialized and failed to disclose the risks of long-term opioid use, particularly the risk of addiction, through a series of misrepresentations that have been conclusively debunked by the FDA and CDC. These misrepresentations – which are described below – reinforced each other and created the dangerously misleading impression that: (a) starting patients on opioids was low- risk because most patients would not become addicted, and because those who were at greatest risk of addiction could be readily identified and managed; (b) patients who displayed signs of addiction probably were not addicted and, in any event, could easily be weaned from the drugs; (c) the use of higher opioid doses, which many patients need to sustain pain relief as they develop tolerance to the drugs, do not pose special risks; and (d) abuse-deterrent opioids both prevent abuse and overdose and are inherently less addictive. Defendants have not only failed to correct these misrepresentations, they continue to make them today.

54. The Pharmaceutical Defendants falsely claimed that the risk of opioid addiction is low and that addiction is unlikely to develop when opioids are prescribed, as opposed to obtained illicitly; and failed to disclose the greater risk of addiction with prolonged use of opioids. Some examples of these false and deceptive claims by opioid manufacturers are: (a) Actavis employed a patient education brochure that falsely claimed opioid addiction is "less likely if you have never had an addiction problem;" (b) Cephalon and Purdue sponsored APF's *Treatment Options: A Guide for People Living with Pain*, falsely claiming that addiction is rare and limited to extreme

cases of unauthorized doses; (c) Endo sponsored a website, Painknowledge.com, which falsely claimed that "[p]eople who take opioids as prescribed usually do not become addicted;" (d) Endo distributed a pamphlet with the Endo logo entitled *Living with Someone with Chronic Pain*, which stated that: "most people do not develop an addiction problem;" (e) Janssen distributed a patient education guide entitled *Finding Relief: Pain Management for Older Adults* which described as "myth" the claim that opioids are addictive; (f) a Janssen website falsely claimed that concerns about opioid addiction are "overestimated;" and (g) Purdue sponsored APF's *A Policymaker's Guide to Understanding Pain & Its Management* – that falsely claims that pain is undertreated due to "misconceptions about opioid addiction."

55. These claims are contrary to longstanding scientific evidence, as the FDA and CDC have conclusively declared. As noted in the 2016 CDC Guideline endorsed by the FDA, there is "extensive evidence" of the "possible harms of opioids (including opioid use disorder [an alternative term for opioid addiction])." The Guideline points out that "[o]pioid pain medication use presents serious risks, including . . . opioid use disorder" and that "continuing opioid therapy for three (3) months substantially increases risk for opioid use disorder."

56. The FDA further exposed the falsity of the Pharmaceutical Defendants' claims about the low risk of addiction when it announced changes to the labels for certain opioids in 2013 and for other opioids in 2016. In its announcements, the FDA found that "most opioid drugs have 'high potential for abuse'" and that opioids "are associated with a substantial risk of misuse, abuse, NOWS [neonatal opioid withdrawal syndrome], addiction, overdose, and death." According to the FDA, because of the "known serious risks" associated with long-term opioid use, including "risks of addiction, abuse, and misuse, even at recommended doses, and because of the greater risks of overdose and death," opioids should be used only "in patients for whom alternative treatment

options" like non-opioid drugs have failed. The FDA further acknowledged that the risk is not limited to patients who seek drugs illicitly; addiction "can occur in patients appropriately prescribed [opioids]."

57. The State of New York, in a 2016 settlement agreement with Endo, found that opioid "use disorders appear to be highly prevalent in chronic pain patients treated with opioids, with up to 40% of chronic pain patients treated in specialty and primary care outpatient centers meeting the clinical criteria for an opioid use disorder." Endo had claimed on its www.opana.com website that "[m]ost healthcare providers who treat patients with pain agree that patients treated with prolonged opioid medicines usually do not become addicted," but the State of New York found no evidence for that statement. Consistent with this, Endo agreed not to "make statements that . . . opioids generally are non-addictive" or "that most patients who take opioids do not become addicted" in New York. This agreement, however, did not extend to Georgia and the other geographic areas served by APOLLOMD.

58. The Pharmaceutical Defendants falsely instructed doctors and patients that the signs of addiction are actually signs of undertreated pain and should be treated by prescribing more opioids. Defendants called this phenomenon "pseudo-addiction" – a term used by Dr. David Haddox, who went to work for Purdue, and Dr. Russell Portenoy, a KOL for Cephalon, Endo, Janssen, and Purdue. Defendants falsely claimed that pseudo-addiction was substantiated by scientific evidence. Some examples of these deceptive claims are: (a) Cephalon and Purdue sponsored *Responsible Opioid Prescribing*, which taught that behaviors such as "requesting drugs by name," "demanding or manipulative behavior," seeing more than one doctor to obtain opioids, and hoarding, are all signs of pseudo-addiction, rather than true addiction; (b) Janssen sponsored, funded, and edited the *Let's Talk Pain* website, which in 2009 stated: "pseudo-addiction . . . refers

to patient behaviors that may occur when pain is under-treated;" (c) Endo sponsored a National Initiative on Pain Control (NIPC) CME program titled *Chronic Opioid Therapy: Understanding Risk While Maximizing Analgesia*, which promoted pseudo-addiction by teaching that a patient's aberrant behavior was the result of untreated pain; (d) Purdue sponsored a deceptive CME program entitled *Path of the Patient, Managing Chronic Pain in Younger Adults at Risk for Abuse* in which a narrator notes that because of pseudo-addiction, a doctor should not assume the patient is addicted.

59. The 2016 CDC Guideline rejects the concept of pseudo-addiction, explaining that "[p]atients who do not experience clinically meaningful pain relief early in treatment . . . are unlikely to experience pain relief with longer- term use," and that physicians should "reassess[] pain and function within 1 month" in order to decide whether to "minimize risks of long-term opioid use by discontinuing opioids" because the patient is "not receiving a clear benefit."

60. The Pharmaceutical Defendants falsely instructed doctors and patients that addiction risk screening tools, patient agreements, urine drug screens, and similar strategies were very effective to identify and safely prescribe opioids to even those patients predisposed to addiction. These misrepresentations were reckless because Pharmaceutical Defendants directed them to general practitioners and family doctors who lack the time and expertise to closely manage higher-risk patients on opioids. Pharmaceutical Defendants' misrepresentations were intended to make doctors more comfortable in prescribing opioids. Some examples of these deceptive claims are: (a) an Endo supplement in the *Journal of Family Practice* emphasized the effectiveness of screening tools to avoid addictions; (b) Purdue's webinar, *Managing Patient's Opioid Use: Balancing the Need and Risk*, claimed that screening tools, urine tests, and patient agreements prevent "overuse of prescriptions" and "overdose deaths;" and (c) Purdue represented in scientific

conferences that "bad apple" patients – and not opioids – were the source of the addiction crisis, when in fact the "bad apples" were the Defendants.

61. The 2016 CDC Guideline exposes the falsity of these misrepresentations, noting that there are no studies assessing the effectiveness of risk mitigation strategies – such as screening tools, patient contracts, urine drug testing, or pill counts widely believed by doctors to detect and deter abuse – "for improving outcomes related to overdose, addiction, abuse, or misuse." The Guideline emphasizes that available risk screening tools "show insufficient accuracy for classification of patients as at low or high risk for [opioid] abuse or misuse" and counsels that doctors "should not overestimate the ability of these tools to rule out risks from long-term opioid therapy."

62. To underplay the risk and impact of addiction and make doctors feel more comfortable starting patients on opioids, Pharmaceutical Defendants falsely claimed that opioid dependence can easily be solved by tapering, that opioid withdrawal was not difficult, and that there were no problems in stopping opioids after long-term use.

63. A CME sponsored by Endo, entitled *Persistent Pain in the Older Adult*, claimed that withdrawal symptoms could be avoided by tapering a patient's opioid dose by up to 20% for a few days. Purdue sponsored APF's *A Policymaker's Guide to Understanding Pain & Its Management*, that claimed "[s]ymptoms of physical dependence can often be ameliorated by gradually decreasing the dose of medication during discontinuation," without mentioning any known or foreseeable issues.

64. Pharmaceutical Defendants deceptively minimized the significant symptoms of opioid withdrawal – which, as explained in the 2016 CDC Guideline, include drug cravings, anxiety, insomnia, abdominal pain, vomiting, diarrhea, sweating, tremor, tachycardia (rapid

heartbeat), spontaneous abortion and premature labor in pregnant women, and the unmasking of anxiety, depression, and addiction – and grossly understated the difficulty of tapering, particularly after long-term opioid use. The 2016 CDC Guideline recognizes that the duration of opioid use and the dosage of opioids prescribed should be "limit[ed]" to "minimize the need to taper opioids to prevent distressing or unpleasant withdrawal symptoms," because "physical dependence on opioids is an expected physiologic response in patients exposed to opioids for more than a few days." The Guideline further states that "tapering opioids can be especially challenging after years on high dosages because of physical and psychological dependence" and highlights the difficulties, including the need to carefully identify "a taper slow enough to minimize symptoms and signs of opioid withdrawal" and to "pause[] and restart[]" tapers depending on the patient's response. The CDC also acknowledges the lack of any "high-quality studies comparing the effectiveness of different tapering protocols for use when opioid dosage is reduced or opioids are discontinued."

65. The Pharmaceutical Defendants falsely claimed that doctors and patients could increase opioid dosages indefinitely without added risk of addiction and other health consequences, and failed to disclose the greater risks to patients at higher dosages. The ability to escalate dosages was critical to Defendants' efforts to market opioids for long-term use to treat chronic pain because, absent this misrepresentation, doctors would have abandoned treatment when patients built up tolerance and lower dosages did not provide pain relief. For example: (a) an Actavis patient brochure stated - "Over time, your body may become tolerant of your current dose. You may require a dose adjustment to get the right amount of pain relief. This is not addiction;" (b) Cephalon and Purdue sponsored *APF's Treatment Options: A Guide for People Living with Pain*, claiming that some patients need larger doses of opioids, with "no ceiling dose" for appropriate treatment of severe, chronic pain; (c) an Endo website, painknowledge.com,

claimed that opioid dosages may be increased until "you are on the right dose of medication for your pain; (d) an Endo pamphlet *Understanding Your Pain: Taking Oral Opioid Analgesics*, stated "The dose can be increased. . . . You won't 'run out' of pain relief;" (e) a Janssen patient education guide *Finding Relief: Pain Management for Older Adults* listed dosage limitations as "disadvantages" of other pain medicines yet omitted any discussion of risks of increased opioid dosages; (f) Purdue's In the Face of Pain website promotes the notion that if a patient's doctor does not prescribe what, in the patient's view, is a sufficient dosage of opioids, he or she should find another doctor who will; (g) Purdue's *A Policymaker's Guide to Understanding Pain & Its Management* stated that dosage escalations are "sometimes necessary," even unlimited ones, but did not disclose the risks from high opioid dosages; (h) a Purdue CME entitled *Overview of Management Options* taught that NSAIDs and other drugs, but not opioids, were unsafe at high dosages; and (i) Purdue presented a 2015 paper at the College on the Problems of Drug Dependence challenging the correlation between opioid dosage and overdose.

66. These and other representations conflict with the scientific evidence, as confirmed by the FDA and CDC. As the CDC explains in its 2016 Guideline, the "[b]enefits of high-dose opioids for chronic pain are not established" while the "risks for serious harms related to opioid therapy increase at higher opioid dosage." More specifically, the CDC explains that "there is now an established body of scientific evidence showing that overdose risk is increased at higher opioid dosages." The CDC states that "there is an increased risk for opioid use disorder, respiratory depression, and death at higher dosages." That is why the CDC advises doctors to "avoid increasing dosages" above 90 morphine milligram equivalents per day.

67. The 2016 CDC Guideline reinforces earlier findings announced by the FDA. In 2013, the FDA acknowledged "that the available data do suggest a relationship between increasing

opioid dose and risk of certain adverse events." For example, the FDA noted that studies "appear to credibly suggest a positive association between high-dose opioid use and the risk of overdose and/or overdose mortality."

68. Pharmaceutical Defendants' deceptive marketing of the so-called abuse-deterrent properties of some of their opioids created false impressions that these opioids can curb addiction and abuse. Indeed, in a 2014 survey of 1,000 primary care physicians, nearly half reported that they believed abuse-deterrent formulations are inherently less addictive.

69. Pharmaceutical Defendants have made misleading claims about the ability of their so-called abuse-deterrent opioid formulations to deter abuse. For example, Endo's advertisements for the 2012 reformulation of Opana ER falsely claimed that it was designed to be crush resistant, in a way that suggested it was more difficult to abuse. The FDA warned in a 2013 letter that there was no evidence Endo's design "would provide a reduction in oral, intranasal or intravenous abuse." Moreover, Endo's own studies, which it failed to disclose, showed that Opana ER could still be ground and chewed.

70. In a 2016 settlement with the State of New York, Endo agreed not to make statements in New York that Opana ER was "designed to be, or is crush resistant." The State found those statements false and deceptive because there was no difference in the ability to extract the narcotic from Opana ER. Similarly, the 2016 CDC Guideline states that "[n]o studies" support the notion that "abuse-deterrent technologies [are] a risk mitigation strategy for deterring or preventing abuse," noting that the technologies – even when they work – "do not prevent opioid abuse through oral intake, the most common route of opioid abuse, and can still be abused by non-oral routes."

71. These numerous, longstanding misrepresentations minimizing the risks of long-term opioid use persuaded doctors and patients to discount or ignore the true risks. Pharmaceutical Defendants also had to persuade them that there was a significant upside to long-term opioid use. But as the 2016 CDC Guideline makes clear, there is "insufficient evidence to determine the long-term benefits of opioid therapy for chronic pain." In fact, the CDC found that "[n]o evidence shows a long-term benefit of opioids in pain and function versus no opioids for chronic pain with outcomes examined at least 1 year later (with most placebo-controlled randomized trials ≤ 6 weeks in duration)" and that other treatments were more or equally beneficial and less harmful than long-term opioid use. The FDA, too, has recognized the lack of evidence to support long-term opioid use. In 2013, the FDA stated that it was "not aware of adequate and well-controlled studies of opioids use longer than 12 weeks." Despite this, Defendants falsely and misleadingly touted the benefits of long-term opioid use and falsely and misleadingly suggested that these benefits were supported by scientific evidence. Not only have Defendants failed to correct these false and deceptive claims, they continue to make them today.

72. For example, the Pharmaceutical Defendants falsely claimed that long-term opioid use improved patients' function and quality of life, including the following misrepresentations: (a) an Actavis advertisement claimed that the use of Kadian to treat chronic pain would allow patients to return to work, relieve "stress on your body and your mental health," and help patients enjoy their lives; (b) an Endo advertisement that claimed that the use of Opana ER for chronic pain would allow patients to perform demanding tasks, portraying seemingly healthy, unimpaired persons; (c) a Janssen patient education guide *Finding Relief: Pain Management for Older Adults* stated as "a fact" that "opioids may make it easier for people to live normally" such as sleeping peacefully, working, recreation, sex, walking, and climbing stairs; (d) Purdue advertisements of OxyContin

entitled "Pain vignettes" implied that OxyContin improves patients' function; (e) *Responsible Opioid Prescribing,* by Cephalon, Endo and Purdue, taught that relief of pain by opioids, by itself, improved patients' function; (f) Cephalon and Purdue sponsored APF's *Treatment Options: A Guide for People Living with Pain* counseling patients that opioids "give [pain patients] a quality of life we deserve;" (g) Endo's NIPC website *painknowledge.com* claimed that with opioids, "your level of function should improve; you may find you are now able to participate in activities of daily living, such as work and hobbies, that you were not able to enjoy when your pain was worse;" (h) Endo CMEs titled *Persistent Pain in the Older Patient* claimed that chronic opioid therapy had been "shown to reduce pain and improve depressive symptoms and cognitive functioning;" (i) Janssen sponsored, funded, and edited a website, *Let's Talk Pain*, in 2009, which featured an interview edited by Janssen claiming that opioids allowed a patient to "continue to function;" (j) Purdue's *A Policymaker's Guide to Understanding Pain & Its Management* claimed that "multiple clinical studies" had shown opioids as effective in improving daily function, psychological health, and health-related quality of life for chronic pain patients; and (k) Purdue's, Cephalon's, Endo's, and Janssen's sales representatives have conveyed and continue to convey the message that opioids will improve patient function.

73. These claims find no support in the scientific literature. The 2016 CDC Guideline concluded that "there is no good evidence that opioids improve pain or function with long-term use, and . . . complete relief of pain is unlikely." (Emphasis added.) The CDC reinforced this conclusion throughout its 2016 Guideline:

- "No evidence shows a long-term benefit of opioids in pain and function versus no opioids for chronic pain with outcomes examined at least 1 year later . . ."
- "Although opioids can reduce pain during short-term use, the clinical evidence review found insufficient evidence to determine whether pain relief is sustained and whether function or quality of life improves with long-term opioid therapy."

- "[E]vidence is limited or insufficient for improved pain or function with long-term use of opioids for several chronic pain conditions for which opioids are commonly prescribed, such as low back pain, headache, and fibromyalgia."

74. The CDC also noted that the risks of addiction and death "can cause distress and inability to fulfill major role obligations." As a matter of common sense (and medical evidence), drugs that can kill patients or commit them to a life of addiction or recovery do not improve their function and quality of life.

75. The 2016 CDC Guideline was not the first time a federal agency repudiated the Pharmaceutical Defendants' claim that opioids improved function and quality of life. In 2010, the FDA warned Actavis that "[w]e are not aware of substantial evidence or substantial clinical experience demonstrating that the magnitude of the effect of the drug [Kadian] has in alleviating pain, taken together with any drug-related side effects patients may experience . . . results in any overall positive impact on a patient's work, physical and mental functioning, daily activities, or enjoyment of life." In 2008, the FDA sent a warning letter to an opioid manufacturer, making it clear "that [the claim that] patients who are treated with the drug experience an improvement in their overall function, social function, and ability to perform daily activities . . . has not been demonstrated by substantial evidence or substantial clinical experience."

76. The Pharmaceutical Defendants also falsely and misleadingly emphasized or exaggerated the risks of competing products like NSAIDs, so that doctors and patients would look to opioids first for the treatment of chronic pain. Once again, these misrepresentations by Defendants contravene pronouncements by and guidance from the FDA and CDC based on the scientific evidence. Indeed, the FDA changed the labels for ER/LA opioids in 2013 and IR opioids in 2016 to state that opioids should only be used as a last resort "in patients for which alternative treatment options" like non-opioid drugs "are inadequate." The 2016 CDC Guideline states that

NSAIDs, not opioids, should be the first-line treatment for chronic pain, particularly arthritis and lower back pain.

77. In addition, Purdue misleadingly promoted OxyContin as being unique among opioids in providing 12 continuous hours of pain relief with one dose. In fact, OxyContin does not last for 12 hours – a fact that Purdue has known at all relevant times. According to Purdue's own research, OxyContin wears off in under six hours in one quarter of patients and in under 10 hours in more than half. This is because OxyContin tablets release approximately 40% of their active medicine immediately, after which release tapers. This triggers a powerful initial response, but provides little or no pain relief at the end of the dosing period, when less medicine is released. This phenomenon is known as "end of dose" failure, and the FDA found in 2008 that a "substantial number" of chronic pain patients taking OxyContin experience it. This not only renders Purdue's promise of 12 hours of relief false and deceptive, it also makes OxyContin more dangerous because the declining pain relief patients experience toward the end of each dosing period drives them to take more OxyContin before the next dosing period begins, quickly increasing the amount of drug they are taking and spurring growing dependence.

78. Purdue's competitors were aware of this problem. For example, Endo ran advertisements for Opana ER referring to "real" 12-hour dosing. Nevertheless, Purdue falsely promoted OxyContin as if it were effective for a full 12 hours. Indeed, Purdue's sales representatives continue to tell doctors that OxyContin lasts a full 12 hours.

79. Cephalon deceptively marketed its opioids Actiq and Fentora for chronic pain even though the FDA has expressly limited their use to the treatment of cancer pain in opioid- tolerant individuals. Both Actiq and Fentora are extremely powerful fentanyl-based IR opioids. Neither is approved for or has been shown to be safe or effective for chronic pain. Indeed, the FDA expressly

prohibited Cephalon from marketing Actiq for anything but cancer pain, and refused to approve Fentora for the treatment of chronic pain because of the potential harm, including the high risk of "serious and life-threatening adverse events" and abuse – which are greatest in non-cancer patients. The FDA also issued a Public Health Advisory in 2007 emphasizing that Fentora should only be used for cancer patients who are opioid-tolerant and should not be used for any other conditions, such as migraines, post-operative pain, or pain due to injury.

80. Despite this, Cephalon conducted and continues to conduct a well-funded campaign to promote Actiq and Fentora for chronic pain and other non-cancer conditions for which it was not approved, appropriate, or safe. As part of this campaign, Cephalon used CMEs, speaker programs, KOLs, journal supplements, and detailing by its sales representatives to give doctors the false impression that Actiq and Fentora are safe and effective for treating non-cancer pain. For example: (a) Cephalon paid to have a CME it sponsored, *Opioid-Based Management of Persistent and Breakthrough Pain*, published in a supplement of *Pain Medicine News* in 2009. The CME instructed doctors that "clinically, broad classification of pain syndromes as either cancer- or non-cancer-related has limited utility" and recommended Actiq and Fentora for patients with chronic pain; (b) Cephalon's sales representatives set up hundreds of speaker programs for doctors, including many non-oncologists, which promoted Actiq and Fentora for the treatment of non-cancer pain; and (c) in December 2011, Cephalon widely disseminated a journal supplement entitled "*Special Report: An Integrated Risk Evaluation and Mitigation Strategy for Fentanyl Buccal Tablet (FENTORA) and Oral Transmucosal Fentanyl Citrate (ACTIQ)*" to *Anesthesiology News*, *Clinical Oncology News*, and *Pain Medicine News* – three publications that are sent to thousands of anesthesiologists and other medical professionals. The Special Report openly promotes Fentora for "multiple causes of pain" – and not just cancer pain.

81. Cephalon's deceptive marketing gave doctors and patients the false impression that Actiq and Fentora were not only safe and effective for treating chronic pain, but were also approved by the FDA for such uses.

82. Purdue unlawfully and unfairly failed to report or address illicit and unlawful prescribing of its drugs, despite knowing about it for years. Purdue's sales representatives have maintained a database since 2002 of doctors suspected of inappropriately prescribing its drugs. Rather than report these doctors to state medical boards or law enforcement authorities (as Purdue is legally obligated to do) or cease marketing to them, Purdue used the list to demonstrate the high rate of diversion of OxyContin – the same OxyContin that Purdue had promoted as less addictive – in order to persuade the FDA to bar the manufacture and sale of generic copies of the drug because the drug was too likely to be abused. In an interview with the *Los Angeles Times*, Purdue's senior compliance officer acknowledged that in five years of investigating suspicious pharmacies, Purdue failed to take action – even where Purdue employees personally witnessed the diversion of its drugs. The same was true of prescribers; despite its knowledge of illegal prescribing, Purdue did not report until years after law enforcement shut down a Los Angeles clinic that prescribed more than 1.1 million OxyContin tablets and that Purdue's district manager described internally as "an organized drug ring." In doing so, Purdue protected its own profits at the expense of public health and safety.

83. The State of New York's settlement with Purdue specifically cited the company for failing to adequately address suspicious prescribing. Yet, on information and belief, Purdue continues to profit from the prescriptions of such prolific prescribers.

84. Like Purdue, Endo has been cited for its failure to set up an effective system for identifying and reporting suspicious prescribing. In its settlement agreement with Endo, the State

of New York found that Endo failed to require sales representatives to report signs of abuse, diversion, and inappropriate prescribing; paid bonuses to sales representatives for detailing prescribers who were subsequently arrested or convicted for illegal prescribing; and failed to prevent sales representatives from visiting prescribers whose suspicious conduct had caused them to be placed on a no-call list.

85. Mallinckrodt, one of the largest manufacturers of the generic opioid oxycodone, recently agreed to pay a $35 million penalty to resolve allegations by the U.S. Department of Justice that it failed to report suspicious drug orders. This is a record settlement of claims that a pharmaceutical drug manufacturer failed to properly notify the U.S. Drug Enforcement Administration ("DEA") of suspicious orders for drugs such as oxycodone. U.S. Attorney General Jeff Sessions said "Mallinckrodt's actions and omissions formed a link in the chain of supply that resulted in millions of oxycodone pills being sold on the street." According to the Justice Department, from 2008 to 2011, Mallinckrodt supplied distributors increasingly excessive amounts of oxycodone pills without notifying the DEA of the suspicious orders. Those distributors in turn supplied the drugs to various U.S. pharmacies and pain clinics, the Justice Department said. Mallinckrodt, however, continues to deny culpability to the public and the medical community. Michael-Bryant Hicks, Mallinckrodt's general counsel, said the company chose to settle "to eliminate the uncertainty, distraction and expense of litigation and to allow the company to focus on meeting the important needs of its patients and customers."

86. As a part of their deceptive marketing scheme, the Pharmaceutical Defendants identified and targeted susceptible prescribers and vulnerable patient populations in the U.S., including Georgia and the other geographic areas served by APOLLOMD. For example, these Defendants focused their deceptive marketing on primary care doctors, who were more likely to

treat chronic pain patients and prescribe them drugs but were less likely to be educated about treating pain and the risks and benefits of opioids and therefore more likely to accept Defendants' misrepresentations.

87. The Pharmaceutical Defendants also targeted vulnerable patient populations like the elderly and veterans, who tend to suffer from chronic pain. These Defendants targeted these vulnerable patients even though the risks of long-term opioid use were significantly greater for them. For example, the 2016 CDC Guideline observes that existing evidence shows that elderly patients taking opioids suffer from elevated fall and fracture risks, greater risk of hospitalization, and increased vulnerability to adverse drug effects and interactions. The Guideline therefore concludes that there are "special risks of long-term opioid use for elderly patients" and recommends that doctors use "additional caution and increased monitoring" to minimize the risks of opioid use in elderly patients. The same is true for veterans, who are more likely to use anti-anxiety drugs (benzodiazepines) for post-traumatic stress disorder, which interact dangerously with opioids.

88. The Pharmaceutical Defendants, both individually and collectively, made, promoted, and profited from their misrepresentations about the risks and benefits of opioids for chronic pain even though they knew that their misrepresentations were false and deceptive. The history of opioids, as well as research and clinical experience over the last 20 years, established that opioids were highly addictive and responsible for a long list of very serious adverse outcomes. The FDA and other regulators warned these Defendants of this, and these Defendants had access to scientific studies, detailed prescription data, and reports of adverse events, including reports of addiction, hospitalization, and deaths – all of which made clear the harms from long-term opioid use and that patients are suffering from addiction, overdoses, and death in alarming numbers. More

recently, the FDA and CDC have issued pronouncements based on the medical evidence that conclusively expose the known falsity of Defendants' misrepresentations, and Endo and Purdue have recently entered agreements prohibiting them from making some of the same misrepresentations described in this Complaint in New York.

89. Moreover, at all times relevant to this Complaint, the Pharmaceutical Defendants took steps to avoid detection of and to fraudulently conceal their deceptive marketing and unlawful, unfair, and fraudulent conduct. For example, the Pharmaceutical Defendants disguised their own role in the deceptive marketing of chronic opioid therapy by funding and working through third parties like Front Groups and KOLs. These Defendants purposefully hid behind the assumed credibility of these individuals and organizations and relied on them to vouch for the accuracy and integrity of Defendants' false and deceptive statements about the risks and benefits of long-term opioid use for chronic pain.

90. The Pharmaceutical Defendants also never disclosed their role in shaping, editing, and approving the content of information and materials disseminated by these third parties. These Defendants exerted considerable influence on these promotional and "educational" materials in emails, correspondence, and meetings with KOLs, fake independent groups, and public relations companies that were not, and have not yet become, public. For example, painknowledge.org, which is run by the NIPC, did not disclose Endo's involvement. Other Pharmaceutical Defendants, such as Purdue and Janssen, ran similar websites that masked their own direct role.

91. Finally, the Pharmaceutical Defendants manipulated their promotional materials and the scientific literature to make it appear that these items were accurate, truthful, and supported by objective evidence when they were not. These Defendants distorted the meaning or import of studies they cited and offered them as evidence for propositions the studies did not support. The

lack of support for these Defendants' deceptive messages was not apparent to medical professionals who relied upon them in making treatment decisions, nor could it have been detected by APOLLOMD.

92. Thus, the Pharmaceutical Defendants successfully concealed from the medical community, patients, and health care payers facts sufficient to arouse suspicion of the claims that APOLLOMD now asserts. APOLLOMD did not know of the existence or scope of Defendants' industry-wide fraud and could not have acquired such knowledge earlier through the exercise of reasonable diligence.

93. The Pharmaceutical Defendants' misrepresentations deceived doctors and patients about the risks and benefits of long-term opioid use. Studies also reveal that many doctors and patients are not aware of or do not understand these risks and benefits. Indeed, patients often report that they were not warned they might become addicted to opioids prescribed to them. As reported in January 2016, a 2015 survey of more than 1,000 opioid patients found that 4 out of 10 were not told opioids were potentially addictive.

94. The Pharmaceutical Defendants' deceptive marketing scheme caused and continues to cause doctors in Georgia and in the other states and geographic areas served by ApolloMD to prescribe opioids for chronic pain conditions such as back pain, headaches, arthritis, and fibromyalgia. Absent these Defendants' deceptive marketing scheme, these doctors would not have prescribed as many opioids. These Defendants' deceptive marketing scheme also caused and continues to cause patients to purchase and use opioids for their chronic pain believing they are safe and effective. Absent these Defendants' deceptive marketing scheme, fewer patients would be using opioids long-term to treat chronic pain, and those patients using opioids would be using less of them.

95. The Pharmaceutical Defendants' deceptive marketing has caused and continues to cause the prescribing and use of opioids to explode. Indeed, this dramatic increase in opioid prescriptions and use corresponds with the dramatic increase in Defendants' spending on their deceptive marketing scheme. Defendants' spending on opioid marketing totaled approximately $91 million in 2000. By 2011, that spending had tripled to $288 million.

96. The escalating number of opioid prescriptions written by doctors who were deceived by the Pharmaceutical Defendants' deceptive marketing scheme is the cause of a correspondingly dramatic increase in opioid addiction, overdose, and death throughout the U.S., including Georgia and in the geographic areas served by APOLLOMD. In August 2016, the U.S. Surgeon General published an open letter to be sent to physicians nationwide, enlisting their help in combating this "urgent health crisis" and linking that crisis to deceptive marketing. He wrote that the push to aggressively treat pain, and the "devastating" results that followed, had "coincided with heavy marketing to doctors . . . [m]any of [whom] were even taught – incorrectly – that opioids are not addictive when prescribed for legitimate pain."

97. Scientific evidence demonstrates a strong correlation between opioid prescriptions and opioid abuse. In a 2016 report, the CDC explained that "[o]pioid pain reliever prescribing has quadrupled since 1999 and has increased in parallel with [opioid] overdoses." Patients receiving prescription opioids for chronic pain account for the majority of overdoses. For these reasons, the CDC concluded that efforts to rein in the prescribing of opioids for chronic pain are critical "to reverse the epidemic of opioid drug overdose deaths and prevent opioid-related morbidity."

98. Contrary to the Pharmaceutical Defendants' misrepresentations, most opioid addiction begins with legitimately *prescribed* opioids, and therefore could have been prevented had Defendants' representations to prescribers been truthful. In 2011, 71% of people who abused

prescription opioids got them through friends or relatives, not from pill mills, drug dealers or the internet. Numerous doctors and substance abuse counselors note that many of their patients, who misuse or abuse opioids started with legitimate prescriptions, confirming the important role that doctors' prescribing habits have played in the opioid epidemic.

99. Opioid-related death tolls are rising at such a rapid pace that cities and counties are unable to keep up logistically.

## DISTRIBUTOR DEFENDANTS' WRONGFUL CONDUCT

100. The supply chain for prescription opioids begins with the manufacture and packaging of the pills. The manufacturers then transfer the pills to distribution companies, including Defendants Cardinal, McKesson, and AmerisourceBergen, which together account for 85-90 % of all revenues from drug distribution in the United States, an estimated $378.4 billion in 2015. The distributors then supply opioids to pharmacies, doctors, and other healthcare providers, which then dispense the drugs to patients.

101. Manufacturer Defendants and Distributor Defendants share the responsibility for controlling the availability of prescription opioids. Opioid "diversion" occurs whenever the supply chain of prescription opioids is broken, and the drugs are transferred from a legitimate channel of distribution or use, to an illegitimate channel of distribution or use. Diversion can occur at any point in the opioid supply chain, including at the pharmacy level when prescriptions are filled for any reason other than a legitimate medical purpose.

102. For example, at the wholesale level of distribution, diversion occurs whenever distributors allow opioids to be lost or stolen in transit, or when distributors fill suspicious orders of opioids from buyers, retailers, or prescribers. Suspicious orders include orders of unusually large size, orders that are disproportionately large in comparison to the population of a community

served by the pharmacy, orders that deviate from a normal pattern, and/or orders of unusual frequency and duration.

103. Diversion occurs at the pharmacies, including whenever a pharmacist fills a prescription despite having reason to believe it was not issued for a legitimate medical purpose or not in the usual course of practice. Some of the signs that a prescription may have been issued for an illegitimate medical purpose include when the patient seeks to fill multiple prescriptions from different doctors (a/k/a doctor shopping), when they travel great distances between the doctor or their residence and the pharmacy to get the prescription filled, when they present multiple prescriptions for the largest dose of more than one controlled substance, or when there are other "red flags" surrounding the transaction. These signs or "red flags" should trigger closer scrutiny of the prescriptions by the pharmacy and lead to a decision that the patient is not seeking the medication for purposes to treat a legitimate medical condition. In addition to diversion via prescription, opioids are also diverted from retail outlets when stolen by employees or others.

104. Diversion occurs through the use of stolen or forged prescriptions at pharmacies, or the sale of opioids without prescriptions, including patients seeking prescription opioids under false pretenses.

105. Opioid diversion occurs in the United States at an alarming rate. In recent years, the number of people who take prescription opioids for non-medical purposes is greater than the number of people who use cocaine, heroin, hallucinogens, and inhalants combined.

106. Every year, millions of people in the United States misuse and abuse opioid pain relievers that can lead to addiction, overdose and death.

107. Within the last 20 years, the abuse of prescription narcotic pain relievers has emerged as a public health crisis in the United States. Overdose deaths involving prescription

opioids are at epidemic proportions, quadrupling since 1999, concomitant with sales of these prescriptions.

108. In 2011 overdose deaths from prescription opioids reached 16,917 people. In 2014 18,893 people died from a prescription opioid related overdose. In 2015, the number of deaths increased to 22,598, even despite increased public health announcements.

109. The dramatic rise in heroin use in recent years is a direct result of prescription opioid diversion. The strongest risk factor for a heroin use disorder is prescription opioid use. In one national study covering the period 2008 to 2010, 77.4% of the participants reported using prescription opioids before initiating heroin use. Another study revealed that 75% of those who began their opioid abuse in the 2000s started with prescription opioid. The CDC has reported that people who are dependent on prescription opioid painkillers are 40 times more likely to become dependent on heroin. Heroin deaths are on a tragic upswing: In 2015, over 12,989 people died from heroin overdose-up more than 20% from approximately 10,574 overdose deaths in 2014.

110. APOLLOMD has taken proactive measures with its physicians to fight against prescription opioid abuse.

111. APOLLOMD, uniquely and significantly, has been damaged by the effects of the Distributor Defendants' opioid diversion.

112. The CDC reports that for every opioid-related death, there are on average 10 hospital admissions for abuse, 26 emergency department visits for misuse, 108 people who are dependent on opioids, and 733 non-medical users.

113. Defendants' opioid diversion decreases the productivity of APOLLONMD's physicians, increases poverty, and consequently requires greater unreimbursed services by the physicians of APOLLOMD.

114. Distributor Defendants have a duty to exercise reasonable care under the circumstances. This involves a duty not to create a foreseeable risk of harm to others. Additionally, one who engages in affirmative conduct, and thereafter realizes or should realize that such conduct has created an unreasonable risk of harm to another, is under a duty to exercise reasonable care to prevent the threatened harm.

115. In addition to having common law duties, the Distributor Defendants are governed by the statutory requirements of the Georgia Controlled Substances Act ("GCSA"), O.C.G.A. § 16-13-20, et seq. and the Georgia Pharmacy Practice Act ("GPPA"), O.C.G.A. § 26-4-1, et seq., and comparable statutes in the other geographic areas served by APOLLOMD. These requirements were enacted to protect society from the harms of drug diversion. The Distributor Defendants' violations of these requirements show that they failed to meet the relevant standard of conduct that society expects from them. The Distributor Defendants' repeated, unabashed, and prolific violations of these requirements show that they have acted in total reckless disregard.

116. By violating the GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, the Distributor Defendants are also liable under the common law of Georgia as herein alleged.

117. The GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, create a legal framework for the distribution and dispensing of controlled substances.

118. The GCSA, GPPA, and comparable statutes in the other geographic areas served by APOLLOMD, act as a system of checks and balances from the manufacturing level through delivery of the pharmaceutical drug to the patient or ultimate user. Every person or entity that manufactures, distributes, or dispenses opioids must obtain a "registration" with the State Board

of Pharmacy. Registrants in the supply chain must fulfill their obligations under the GCSA, GPPA, and comparable statutes in the other geographic areas served by APOLLOMD; otherwise, controlled substances move from the legal to the illicit marketplace, and there is enormous potential for harm to the public.

119. All opioid distributors are required to maintain effective controls against opioid diversion. They are also required to create and use a system to identify and report downstream suspicious orders of controlled substances to law enforcement. Suspicious orders include orders of unusual size, orders deviating substantially from the normal pattern, and orders of unusual frequency. To comply with these requirements, distributors must know their customers, report susp1c1ous orders, conduct due diligence, and terminate orders if there are indications of diversion.

120. To prevent unauthorized users from obtaining opioids, the GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, create a distribution monitoring system for controlled substances, including registration and tracking requirements imposed upon anyone authorized to handle controlled substances.

121. The GCSA requires "persons registered to manufacture, distribute, or dispense controlled substances under this article shall keep a complete and accurate record of all controlled substances on hand, received, manufactured, sold, dispensed, or otherwise disposed of and shall maintain such records and inventories in conformance with the record-keeping and inventory requirements of federal law and with any rules issued by the State Board Pharmacy." O.C.G.A. § 16-13-39.

122. Registrants, such as Defendants, are also required to maintain "effective controls against diversion of controlled substances into other than legitimate medical, scientific, or

industrial channels." O.C.G.A. § 16-13-36(a)(1).

123. Comparable statutory provisions in the other states served by APPOLLOMD impose controls and requirements similar to those under the GCSA and the GPPA in order to control against the diversion of controlled substances.

123. For years the Distributor Defendants have known of the problems and consequences of opioid diversion in the supply chain, and have committed repeated violations of the laws and regulations of the United States as cited above consequently making them liable under common law.

124. The Distributor Defendants' own industry group, the Healthcare Distribution Management Association, published Industry Compliance Guidelines titled "Reporting Suspicious Orders and Preventing Diversion of Controlled Substances," emphasizing the critical role of each member of the supply chain in distributing controlled substances.

125. These industry guidelines stated: "At the center of a sophisticated supply chain, distributors are uniquely situated to perform due diligence in order to help support the security of controlled substances they deliver to their customers."

126. Opioid distributors have admitted the magnitude of the problem and, at least superficially, their legal responsibilities to prevent diversion. They have made statements assuring the public they are supposedly undertaking a duty to curb the opioid epidemic.

127. For example, a Cardinal executive claimed that Cardinal uses "advanced analytics" to monitor its supply chain. He further extolled that Cardinal was being "as effective and efficient as possible in constantly monitoring, identifying, and eliminating any *outside* criminal activity." (emphasis added).

128. McKesson has publicly stated that it has a "best-in-class controlled substance

monitoring program to help identify suspicious orders" and claimed it is "deeply passionate about curbing the opioid epidemic in our Country."

129. These assurances, on their face, of identifying and eliminating criminal activity and curbing the opioid epidemic create a duty for the Distributor Defendants to take reasonable measures to do just that.

130. In addition to the obligations imposed by law, through their own words, representations, and actions, the Distributor Defendants have voluntarily undertaken a duty to protect the public at large against diversion from their supply chains, and to curb the opioid epidemic. In this voluntary undertaking, the Distributor Defendants have miserably and negligently failed.

131. The Distributors Defendants have knowingly or negligently allowed diversion. Their wrongful conduct and inaction have resulted in numerous civil fines and other penalties recovered by state and federal agencies.

132. In 2008, Cardinal paid a $34 million penalty to settle allegations about opioid diversion taking place at seven of its warehouses in the United States. In 2012, Cardinal reached an administrative settlement with the DEA relating to opioid diversion between 2009 and 2012 in multiple states. In December 2016, a Department of Justice press release announced a multi-million-dollar settlement with Cardinal for violations of the Controlled Substances Act. In connection with the investigations of Cardinal, the DEA uncovered evidence that Cardinal's own investigator warned Cardinal against selling opioids to certain pharmacies.

133. In May 2008, McKesson entered into a settlement with the DEA on claims that McKesson failed to maintain effective controls against diversion of controlled substances. McKesson allegedly failed to report suspicious orders from rogue Internet pharmacies around the

Country, resulting in millions of doses of controlled substances being diverted. McKesson agreed to pay a $13.25 million civil fine. McKesson also was supposed to implement tougher controls regarding opioid diversion. McKesson utterly failed. McKesson's system for detecting "suspicious orders" from pharmacies was so ineffective and dysfunctional that at one of its facilities in Colorado between 2008 and 2013, it filled more than 1.6 million orders, for tens of millions of controlled substances, but it reported just 16 orders as suspicious, all from a single consumer. In 2015, McKesson was in the middle of allegations concerning its "suspicious order reporting practices for controlled substances." In early 2017, it was reported that McKesson agreed to pay $150 million to the government to settle certain opioid diversion claims that it allowed drug diversion at 12 distribution centers in 11 states.

134. In 2007, AmerisourceBergen lost its license to send controlled substances from a distribution center amid allegations that it was not controlling shipments of prescription opioids to Internet pharmacies. Again in 2012, AmerisourceBergen was implicated for failing to protect against diversion of controlled substances into non-medically necessary channels. It has been reported that the U.S. Department of Justice has subpoenaed AmerisourceBergen for documents in connection with a grand jury proceeding seeking information on the company's "program for controlling and monitoring diversion of controlled substances into channels other than for legitimate medical, scientific and industrial purposes."

135. Relying upon state laws and regulation, various State Boards of Pharmacy have directly disciplined the wholesale distributors of prescription opioids for failure to prevent diversion, a duty recognized under state laws and regulations.

136. Although distributors have been penalized by law enforcement authorities, these penalties have not changed their conduct. They pay fines as a cost of doing business in an industry

that generates billions of dollars in revenue and profit.

137. The Distributor Defendants have the ability and owe the duty to prevent opioid diversion, which presented a known or foreseeable risk of damage to APOLLOMD.

138. The Distributor Defendants have supplied massive quantities of prescription opioids in and around the geographic areas served by APOLLOMD with the actual or constructive knowledge that the opioids were ultimately being consumed by citizens for non-medical purposes. Many of these shipments should have been stopped or investigated as suspicious orders, but the Distributor Defendants negligently or intentionally failed to do so.

139. Each Distributor Defendant knew or should have known that the amount of the opioids that it allowed to flow into the geographic areas served by APOLLOMD was far in excess of what could be consumed for medically-necessary purposes in the relevant communities (especially given that each Distributor Defendant knew it was not the only opioid distributor servicing those communities).

140. The Distributor Defendants negligently or intentionally failed to adequately control their supply lines to prevent diversion. A reasonably-prudent distributor of Schedule II controlled substances would have anticipated the danger of opioid diversion and protected against it by, for example, taking greater care in hiring, training, and supervising employees; providing greater oversight, security, and control of supply channels; looking more closely at the pharmacists and doctors who were purchasing large quantities of commonly-abused opioids in amounts greater than the populations in those areas would warrant; investigating demographic or epidemiological facts concerning the increasing demand for narcotic painkillers in and around the geographic areas served by APOLLOMD; providing information to pharmacies and retailers about opioid diversion; and in general, simply following applicable statutes, regulations, professional standards, and

guidance from government agencies and using a little bit of common sense.

141. On information and belief, the Distributor Defendants made little to no effort to visit the pharmacies servicing patients of APOLLOMD and in the geographic areas it serves to perform due diligence inspections to ensure that the controlled substances the Distributors Defendants had furnished were not being diverted to illegal uses.

142. On information and belief, the compensation the Distributor Defendants provided to certain of their employees was affected, in part, by the volume of their sales of opioids to pharmacies and other facilities servicing the patients of APOLLOMD, thus improperly creating incentives that contributed to and exacerbated opioid diversion and the resulting epidemic of opioid abuse.

143. It was reasonably foreseeable to the Distributor Defendants that their conduct in flooding the consumer market of APOLLOMD with highly-addictive opioids would allow opioids to fall into the hands of children, addicts, criminals, and other unintended users.

144. It is reasonably foreseeable to the Distributor Defendants that, when unintended users gain access to opioids, tragic preventable injuries will result, including addiction, overdoses, and death. It is also reasonably foreseeable that the costs of these injuries will be shouldered by APOLLOMD.

145. The Distributor Defendants knew or should have known that the opioids being diverted from their supply chains would contribute to the opioid costs of APOLLOMD, and would create access to opioids by unauthorized users, which, in turn, perpetuates the cycle of addiction, demand, illegal transactions, economic ruin, and human tragedy.

146. The Distributor Defendants knew or should have known that a substantial amount of the opioids dispensed to patients of APOLLOMD and residents in the geographic areas it serves

were based on invalid or suspicious prescriptions. It is foreseeable that filling suspicious orders for opioids will cause harm to individual pharmacy customers, third-parties, and APOLLOMD.

147. The Distributor Defendants were aware of widespread prescription opioid abuse of persons who would become patients of APOLLOMD, but they nevertheless persisted in a pattern of distributing commonly abused and diverted opioids in geographic areas-and in such quantities, and with such frequency- that they knew or should have known these commonly abused controlled substances were not being prescribed and consumed for legitimate medical purposes.

148. If any of the Distributor Defendants adhered to effective controls to guard against diversion, APOLLOMD would have avoided significant damages.

149. The Distributor Defendants made substantial profits over the years based on the diversion of opioids affecting APOLLOMD. Their participation and cooperation in a common enterprise has foreseeably caused damages to APOLLOMD. The Distributor Defendants knew full well that APOLLOMD would be unjustly forced to bear the costs of these injuries and damages.

150. The Distributor Defendants' intentional distribution of excessive amounts of prescription opioids to communities showed an intentional or reckless disregard for APOLLOMD. Their conduct poses a continuing economic threat to APOLLOMD.

## PHARMACY DEFENDANTS' WRONGFUL CONDUCT

151. Pharmacies must exercise reasonable care under the circumstances. This involves a duty not to create a foreseeable risk of harm to others. Additionally, one who engages in affirmative conduct, and thereafter realizes or should realize that such conduct has created an unreasonable risk of harm to another, is under a duty to exercise reasonable care to prevent the threatened harm.

152. Pharmacies are the "last line of defense" in keeping drugs from entering the illicit

market. They are meant to be the drug experts in the healthcare delivery system and as such have considerable duties and responsibility in the oversight of patient care. They cannot blindly fill prescriptions written by a doctor, even one registered under the GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, to dispense opioids, if the prescription is not for a legitimate medical purpose.

153. The GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, impose duties and requirements on the conduct of the Pharmacy Defendants. These requirements, along with their related regulations and agency interpretations, set a standard of care for pharmacy conduct.

154. The GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, require pharmacists to review each controlled substance prescription and, prior to dispensing medication, make a professional determination that the prescription is effective and valid.

155. Under the GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, pharmacy registrants are required to implement procedures that guard against theft and diversion of controlled substances."

156. Pharmacists are required to ensure that prescriptions for controlled substances are valid, and that they are issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice.

157. By filling prescriptions of questionable or suspicious origin in violation of the GCSA, and comparable statutes in the other geographic areas served by APOLLOMD, the Pharmacy Defendants have violated Georgia common law and statutory law and other applicable state laws.

158. Pharmacy boards, national industry associations, and continuing educational programs have provided extensive guidance to pharmacists concerning their duties to the public. The guidance teaches pharmacists how to identify red flags, which indicate to the pharmacist that there may be a problem with the legitimacy of a prescription presented by a patient. The guidance also tells pharmacists how to resolve the red flags and what to do if the red flags are unresolvable.

159. The industry guidance tells pharmacists how to recognize stolen prescription pads; prescription pads printed using a legitimate doctor' s name, but with a different call back number that is answered by an accomplice of the drug-seeker; prescriptions written using fictitious patient names and addresses, and so on.

160. Questionable or suspicious prescriptions include: prescriptions written by a doctor who writes significantly more prescriptions (or in larger quantities) for controlled substances compared to other practitioners in the area; prescriptions which should last for a month in legitimate use, but are being refilled on a shorter basis; prescriptions for antagonistic drugs, such as depressants and stimulants, at the same time; prescriptions that look "too good" or where the prescriber's handwriting is too legible; prescriptions with quantities or dosages that differ from usual medical usage; prescriptions that do not comply with standard abbreviations and/or contain no abbreviations; photocopied prescriptions; or prescriptions containing different handwritings. Most of the time, these attributes are not difficult to detect or recognize; they should be apparent to an adequately trained pharmacist.

161. Signs that a customer is seeking opioids for the purpose of diversion include customers who: appear to be returning too frequently; are seeking to fill a prescription written for a different person; appear at the pharmacy counter simultaneously, or within a short time, all bearing similar prescriptions from the same physician; are not regular patrons or residents of the

community, and show up with prescriptions from the same physician; drive long distances to have prescriptions filled; seek large volumes of controlled substances in the highest strength in each prescription; seek a combination of other drugs with opioids such as tranquilizers and muscle relaxers that can be used to create an "opioid cocktail"; and pay large amounts of cash for their prescriptions rather than using insurance. Ignoring these signs violates Georgia common and statutory law, and comparable law in the other geographic areas served by APOLLOMD.

162. Other "red flags" include when prescriptions that lack the technical requirements of a valid prescription, such as a verifiable DEA number and signature; prescriptions written in excess of the amount needed for proper therapeutic purposes; prescriptions obtained through disreputable or illegal web-based pharmacies; and patients receiving multiple types of narcotic pain killers on the same day.

163. All of these issues have been presented by the DEA in pharmacist training programs throughout the United States and have been used as examples by individual State Boards of Pharmacy and the National Association of Boards of Pharmacy.

164. Industry standards require pharmacists to contact the prescriber for verification or clarification whenever there is a question about any aspect of a prescription order. If a pharmacist is ever in doubt, he or she must ask for proper identification. If a pharmacist believes the prescription is forged or altered, he or she should not dispense it and call the local police. If a pharmacist believes he or she has discovered a pattern of prescription diversion, the local Board of Pharmacy must be contacted.

165. A standard of care for the Pharmacy Defendants is also set by applicable professional regulations in the state of Georgia and other geographic areas served by ApolloMD, and under other applicable state laws. It is a violation of professional standards not to attempt to

address the suspected addiction of a patient to a drug dispensed by the pharmacist, if there is reason to believe the patient may be addicted.

166. On information and belief, the Pharmacy Defendants regularly filled prescriptions in circumstances where red flags were present (and sometimes many red flags).

167. On information and belief, the Pharmacy Defendants regularly filled opioid prescriptions that would have been deemed questionable or suspicious by a reasonably prudent pharmacy.

168. On information and belief, the Pharmacy Defendants have not adequately trained or supervised their employees at the point of sale to investigate or report suspicious or invalid prescriptions, or protect against corruption or theft by employees or others.

169. On information and belief, the Pharmacy Defendants utilize monetary compensation programs for certain employees that are based, in part, on the number of prescriptions filled and dispensed. This type of compensation creates economic disincentives within the companies to change their practices. For example, there have been reports of chain store supervisory personnel directing pharmacists to fill prescriptions regardless of the red flags presented.

170. The Pharmacy Defendants have violated a voluntarily undertaken duty to the public. In news reports and other public documents, it has been reported that the Pharmacy Defendants, through their words or actions, have assured the public that issues affecting public health and safety are the highest priority for the defendants.

171. For example, in 2015, CVS publicly stated that, "the abuse of controlled substance pain medication is a nationwide epidemic that is exacting a devastating toll upon individuals, families and communities. Pharmacists have a legal obligation under state and federal law to

determine whether a controlled substance was issued for a legitimate purpose and to decline to fill prescriptions they have reason to believe were issued for a non-legitimate purpose."

172. In failing to take adequate measures to prevent substantial opioid-related injuries that have affected APOLLOMD, the Pharmacy Defendants have breached their duties under the "reasonable care" standard and their professional duties under the relevant standards of professional practice.

173. It is foreseeable to the Pharmacy Defendants that filling invalid or suspicious prescriptions for opioids would cause harm to individual pharmacy customers and APOLLOMD's patients who may use the wrongfully-dispensed opioids.

174. It is reasonably foreseeable to the Pharmacy Defendants that, when unintended users gain access to opioids, tragic yet preventable injuries and damages will result, including overdoses and death.

175. At all relevant times, the Pharmacy Defendants have engaged in improper dispensing practices, and continue to do so, despite knowing full well they could take measures to substantially eliminate their complicity in opioid diversion.

176. At all relevant times, the Pharmacy Defendants engaged in these activities, and continue to do so, knowing full well that APOLLOMD, in its role of providing medical care and services, would provide or pay for additional medical services, emergency services, and other necessary services, and would suffer the loss of substantial economic productivity.

177. It is reasonably foreseeable to the Pharmacy Defendants that APOLLOMD would be forced to bear substantial expenses as a result of the Pharmacy Defendants' acts.

178. The Pharmacy Defendants were on notice of their ongoing negligence or intentional misconduct in part because of their history of being penalized for violating their duties and legal

requirements in other jurisdictions.

179. In 2013, Defendant CVS agreed to pay $11 million to avoid civil charges for violating federal laws relating to the sales of prescription opioids at pharmacies in the State of Oklahoma. Specifically, CVS allegedly violated the recordkeeping requirements for tracking and dispensing prescription drugs including oxycodone and hydrocodone.

180. Nationally, Walgreens has settled investigations with the DEA related to controlled substances in at least two states involving millions of dollars in fines and penalties.

181. Defendants, CVS, Walgreens, and Wal-Mart each have one or more pharmacies that fill prescriptions for opioids which are operating within or in close proximity to the geographic areas served by the APOLLOMD.

182. Various State Boards of Pharmacy have also prosecuted and disciplined numerous pharmacists and pharmacy technicians employed by the Pharmacy Defendants for diversion of prescription opioids.

183. The Pharmacy Defendants were also aware of the magnitude of the opioid diversion crisis based on investigations into their practices elsewhere. For example, in 2013, Walgreens settled with the DEA for $80 million, resolving allegations that it committed an unprecedented number of record-keeping and dispensing violations at various retail locations and a distribution center. As part of the settlement, Walgreens agreed to enhance its training and compliance programs, and to no longer compensate its pharmacists based on the volume of prescriptions filled.

184. Similarly, in 2015, CVS agreed to pay a $22 million penalty following a DEA investigation that found that employees at two pharmacies had dispensed prescription opioids, "based on prescriptions that had not been issued for legitimate medical purposes by a health care provider acting in the usual course of professional practice. CVS also acknowledged that its retail

pharmacies had a responsibility to dispense only those prescriptions that were issued based on legitimate medical need."

185. CVS also agreed to pay $450,000 to resolve allegations that pharmacists were filling opioid prescriptions written by unauthorized medical personnel. More recently, in 2016, CVS settled a case in Massachusetts, by agreeing to pay $3.5 million to resolve allegations that 50 CVS stores violated the federal CSA by filling forged oxycodone prescriptions more than 500 times between 2011 and 2014.

## COUNT I: NUISANCE

186. The Plaintiff reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

187. APOLLOMD has standing to bring a private nuisance action under O.C.G.A. § 41-1-4 and a public nuisance cause of action under O.C.G.A. § 41-1-3, and comparable statutes and law in the other geographic areas served by APOLLOMD. Defendants' conduct has created an opioid epidemic that has damaged all persons within its sphere of operation and has also caused special damages to APOLLOMD.

189. The nuisance is the over-saturation of opioids in the patient population of APOLLOMD and in the other geographic areas served by APOLLOMD for non-medical purposes, as well as the adverse social, economic, and human health outcomes associated with widespread illegal opioid use.

190. All Defendants substantially participated in nuisance-causing activities.

191. Defendants' nuisance-causing activities include selling or facilitating the sale of prescription opioids to the patients of APOLLOMD, as well as to unintended users, including children, people at risk of overdose or suicide, and criminals.

192. Defendants' nuisance-causing activities also include failing to implement effective controls and procedures in their supply chains to guard against theft, diversion and misuse of controlled substances, and their failure to adequately design and operate a system to detect, halt and report suspicious orders of controlled substances.

193. Defendants' activities unreasonably interfere with the economic rights of APOLLOMD.

194. The Defendants' interference with these rights of APOLLOMD is unreasonable because it:

a. Has specially harmed and will continue to harm the public health services of APOLLOMD;

b. Is proscribed by statutes and regulation, including the GCSA, pharmacy regulations, the consumer protection statute, and comparable statutes in the other geographic areas served by APOLLOMD;

c. Is of a continuing nature and it has produced long-lasting effects; and

d. Defendants have reason to know their conduct has a significant effect upon APOLLOMD.

195. The nuisance undermines public health, quality of life, and safety. It has resulted in high rates of addiction and overdoses that, consequently, has depleted the health resources of APOLLOMD.

196. The resources of healthcare providers such as APOLLOMD are being unreasonably consumed in efforts to address the prescription drug abuse epidemic, thereby eliminating available resources needed in other health care areas.

197. Defendants' nuisance-causing activities are not outweighed by the utility of Defendants' behavior. In fact, their behavior is illegal and has no social utility whatsoever. There is no legitimately recognized societal interest in failing to identify, halt, and report suspicious

opioid transactions.

198. At all times, all Defendants possessed the right and ability to control the nuisance-causing outflow of opioids from pharmacy locations or other points of sale. Pharmaceutical Defendants flooded the distribution channels and the geographic areas of APOLLOMD with opioid pills. Distributor Defendants had the power to shut off the supply of illicit opioids to patients and consumers in the geographic areas served by APOLLOMD, yet did the opposite by flooding the U.S. with opioid pills. The Pharmacy Defendants aided and abetted this nuisance by failing to heed their own internal data on the extent of opioid prescriptions.

199. As a direct and proximate result of the nuisance, APOLLOMD has sustained economic harm by spending a substantial amount of money trying to remedy the harms caused by Defendants' nuisance-causing activity, including, but not limited to, costs of doctor and healthcare provider services.

200. APOLLOMD has also suffered unique harms different from individual opioid users and governmental entities at large, namely, that APOLLOMD has been harmed in its proprietary interests.

201. The effects of the nuisance can be abated, and the further occurrence of such harm and inconvenience can be prevented. All Defendants share in the responsibility for doing so.

202. Defendants should be required to pay the expenses APOLLOMD has incurred or will incur in the future to fully abate the nuisance.

## COUNT II: NEGLIGENCE PER SE

203. The Plaintiff reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

204. Defendants have a duty to comply with the regulations of the Georgia Controlled

Substances Act ("GCSA"), O.C.G.A. § 16-13-20, et seq. and the Georgia Pharmacy Practice Act ("GPPA"), O.C.G.A. § 26-4-1, et seq., and comparable statutes in the other geographic areas served by APOLLOMD.

205. The GCSA, provides that "every person who manufactures, distributes, or dispenses any controlled substances within this state or who proposes to engage in the manufacture, distribution, or dispensing of any controlled substance within this state must obtain annually a registration issued by the State Board of Pharmacy in accordance with its rules." O.C.G.A. § 16-13-35. The GCSA defines "person" as "an individual, corporation, government, or governmental subdivision or agency, business trust, estate, trust, partnership, or association, or any other legal entity." O.C.G.A. § 16-13-21(30).

206. Similarly, the GPPA, O.C.G.A. § 26-4-1, et seq., provides that "all persons, firms, or corporations, whether located in this state or in any other state, engaged in the business of selling or distributing drugs at wholesale in this state, in the business of supplying drugs to manufacturers, compounders, and processors in this state, or in the business of a reverse drug distributor shall biennially register with the board as a drug wholesaler, distributor, reverse drug distributor, or supplier." O.C.G.A. § 26-4-115(a).

207. The GCSA requires "persons registered to manufacture, distribute, or dispense controlled substances under this article shall keep a complete and accurate record of all controlled substances on hand, received, manufactured, sold, dispensed, or otherwise disposed of and shall maintain such records and inventories in conformance with the record-keeping and inventory requirements of federal law and with any rules issued by the State Board Pharmacy." O.C.G.A. § 16-13-39.

208. Registrants, such as Defendants, are also required to maintain "effective controls

against diversion of controlled substances into other than legitimate medical, scientific, or industrial channels." O.C.G.A. § 16-13-36(a)(1).

209. The GPPA requires companies licensed to distribute drugs in Georgia, such as Defendants, to "automatically submit reports of any excessive purchases of controlled substances by licensed persons or firms located within this state . . . Such reports shall be submitted to the Georgia Drugs and Narcotics Agency." O.C.G.A. § 26-4-115(b)(2).

210. Furthermore Ga. Comp. R. & Regs. R. 480-20-02(1) mandates that Defendants "shall maintain records of unusual orders of controlled substances received by the registrant and shall inform the Director of the Georgia Drugs and Narcotics Agency (GDNA) of unusual orders when discovered by the registrant." An "unusual order" includes "orders of greatly increased quantity, orders deviating substantially from a normal pattern and orders of highly abnormal frequency."

212. Failure to comply with the GCSA and GPPA constitutes negligence per se. The failure to comply with comparable statutes in the other geographic areas served by APOLLOMD likewise constitutes negligence per se.

213. The GCSA and GPPA, and comparable statutes in the other geographic areas served by APOLLOMD, require Defendants to know their customers, which includes, a mindfulness of the customer base, awareness of the average prescriptions filled per day, the percentage of controlled substances compared to overall purchases of drugs, a description of how the dispenser fulfills its responsibility to ensure that prescriptions filled are for legitimate medical purposes, and identification of illegitimate pain centers that are the dispenser's most frequent prescribers of controlled substances such as opioids.

214. Defendants have failed to diligently monitor and report the suspicious prescription opioid orders.

215. Defendants have failed to implement effective controls and procedures to prevent diversion of opioids in violation of Georgia law, and the law of the other geographic areas served by APOLLOMD.

216. Defendants have willfully ignored facts indicating the excessive distribution of enormous quantities of prescription opioids to retailers and dispensers who serve a customer base comprised of individuals who are abusing and/or dealing prescription opioids, resulting in an epidemic of addiction to prescription opioids.

217. Defendants, through their negligent acts and omissions, proximately caused the damages incurred by ApolloMD by negligently and/or recklessly disregarding the customs, standards, and practices within their industry as set forth by Georgia law, and the law of the other geographic areas served by APOLLOMD.

218. Defendants were negligent in failing to monitor and prevent the excessive distribution and diversion of prescription opioids.

219. ApolloMD has suffered and continues to suffer damages as the proximate result of Defendants' failures to comply with the GCSA and the GPPA, and comparable statutes in the other geographic areas served by APOLLOMD.

220. ApolloMD is without fault and the injuries it has sustained would not have occurred in the ordinary course of events had the Defendants used due care commensurate to the dangers associated with the distribution of prescription opioids.

221. Defendants' violation of the GCSA and GPPA, and comparable statutes in the other geographic areas served by APOLLOMD, constitutes negligence per se.

222. ApolloMD is within the class of person the GCSA and GPPA, and comparable statutes in the other geographic areas served by APOLLOMD, were intended to protect.

223. The harm that has occurred is the type of harm that the GCSA and GPPA, and comparable statutes in the other geographic areas served by APOLLOMD, were intended to guard against.

## COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE

224. The Plaintiff reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

225. Defendants owe a non-delegable duty to APOLLOMD to conform their behavior to the legal standard of reasonable conduct under the circumstances, in the light of the apparent risks.

226. There is no social value to Defendants' challenged behavior. In fact, Defendants' entire conduct, behavior, actions, misrepresentations, conspiracies, and omissions are against the law.

227. On the other hand, there is immense social value to the interests threatened by Defendants' behavior, namely the health, safety, and welfare of APOLLOMD and its patients.

228. Defendants' behavior caused a substantial injury and damage to APOLLOMD.

229. Defendants' conduct fell below the reasonable standard of care and was negligent. Their negligent acts include:

a. Consciously supplying the market in the geographic areas served by APOLLOMD

with highly-addictive prescription opioids, including misrepresenting, understating, or obfuscating the highly addictive propensities of opioid pills;

b. Using unsafe marketing, labeling, distribution, and dispensing practices, including failing to warn or advise physicians to conduct an addiction family history of each and every potential patient;

c. Affirmatively enhancing the risk of harm from prescription opioids by failing to act as a last line of defense against diversion;

d. Failing to properly train or investigate their employees;

e. Failing to properly review and analyze prescription orders and data for red flags;

f. Failing to report suspicious orders or refuse to fill them;

g. Failing to provide effective controls and procedures to detect and/or guard against theft and diversion of controlled substances;

h. Failing to police the integrity of their supply chains; and

i. Creating misleading information with the intention of having prescribing physicians rely upon it.

230. Each Defendant had an ability to control the opioids at a time when it knew or should have known it was passing control of the opioids to an actor further down in the supply chain that was incompetent or acting illegally and should not be entrusted with the opioids.

231. Each Defendant sold prescription opioids in the supply chain knowing (a) there was a substantial likelihood many of the sales were for non-medical purposes and, (b) opioids are an inherently dangerous product when used for non-medical purposes, and (c) that every patient, before being prescribed even one opioid pill, needed to have a complete family history of addiction to alcohol and drugs, with any such history as a contraindication of any opioid use.

232. Defendants were negligent or reckless in not acquiring and utilizing special knowledge and special skills that relate to the dangerous activity in order to prevent or ameliorate such distinctive and significant dangers.

233. Controlled substances are dangerous commodities. Defendants breached their duty to exercise the degree of care, prudence, watchfulness, and vigilance commensurate to the dangers involved in the transaction of their business.

234. Defendants were also negligent or reckless in failing to guard against foreseeable third-party misconduct, e.g., the foreseeable conduct of: corrupt prescribers, corrupt pharmacists and staff, and/or criminals who buy and sell opioids for non-medical purposes.

235. Defendants are in a limited class of registrants authorized to legally distribute controlled substances. This places Defendants in a position of great trust and responsibility vis-a-vis APOLLOMD and its patient communities. Defendants owe a special duty to APOLLOMD. That duty cannot be delegated to another party.

236. APOLLOMD is without fault, and the injuries to APOLLOMD would not have happened in the ordinary course of events if the Defendants used due care commensurate to the dangers involved in the distribution and dispensing of controlled substances.

237. The aforementioned conduct of Defendants proximately caused damage to APOLLOMD.

**COUNT IV: UNJUST ENRICHMENT**

238. Plaintiff reasserts the allegations in the foregoing paragraphs as if set forth fully herein.

239. APOLLOMD has expended substantial amounts of money to address, remedy and/or mitigate the societal harms caused by Defendants' conduct.

240. The expenditures by APOLLOMD in providing healthcare services to people who use opioids have added to Defendants' wealth. The expenditures by APOLLOMD have helped sustain Defendants' businesses.

241. APOLLOMD has conferred a benefit upon Defendants, by paying for what may be called Defendants' externalities - the costs of the harm caused by Defendants' negligent distribution and sales practices.

242. Defendants are aware of this obvious benefit, and that retention of this benefit is unjust.

243. Defendants made substantial profits while fueling the prescription drug epidemic in the geographic areas served by APOLLOMD.

244. Defendants continue to receive considerable profits from the distribution of controlled substances in the geographic areas serviced by APOLLOMD.

245. Defendants have been unjustly enriched by their negligent, intentional, malicious, oppressive, illegal and unethical acts, omissions, and wrongdoing.

246. It would be inequitable to allow Defendants to retain the benefit or financial advantage of their wrongdoing.

247. APOLLOMD demands judgment against each Defendant for restitution, disgorgement, and any other relief allowed in law or equity.

**COUNT V: COMMON LAW FRAUD**

**(AS TO PHARMACEUTICAL DEFENDANTS ONLY)**

248. Plaintiff reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

249. Pharmaceutical Defendants engaged in false representations and concealments of material fact regarding the use of opioids to treat chronic non-cancer pain.

250. Defendant Purdue made and/or disseminated deceptive statements, including, but not limited to, the following: (a) advertising that opioids improved long-term functioning long-

term and were suitable for the treatment of chronic non-cancer pain; (b) promoting the concept of pseudo-addiction; (c) brochures concerning indicators of possible opioid abuse; (d) suitability of opioids for high-risk patients; (e) publications presenting an unbalanced treatment of the long-term and dose-dependent risks of opioids versus NSAIDs; (f) concealment of funding of pro-opioid KOL doctors regarding treatment for chronic non-cancer pain; (g) downplaying of the risks of opioid addiction; (h) CMEs promoting the use of opioids to treat chronic non-cancer pain; (i) promotion of misleading scientific studies regarding the safety and efficacy of opioids for long-term treatment of chronic non-cancer pain; (j) misuse and promotion of data to mask the true safety and efficacy of opioids for the long-term treatment of chronic non-cancer pain, including rates of abuse and addiction and the lack of validation for long-term efficacy; (k) misleading statements in education materials for doctors and staff in the geographic areas served by APOLLO MD under guise of educating them on new pain standards; (l) in-person detailing; and (m) withholding from law enforcement in the geographic areas served by APOLLOMD the names of prescribers Purdue believed to be facilitating the diversion of its products, while simultaneously marketing opioids to these doctors by disseminating patient and prescriber education materials and advertisements and CMEs.

251. Defendant Endo made and/or disseminated deceptive statements, including, but not limited to, the following: (a) false patient education materials; (b) advertising the ability of opioids to improve function long-term and the efficacy of opioids long-term for the treatment of chronic non-cancer pain; (c) promoting chronic opioid therapy as safe and effective for long term use for high- risk patients; (d) Creating and disseminating advertisements that falsely and inaccurately conveyed the impression that Endo's opioids would provide a reduction in oral, intranasal, or intravenous abuse; (e) concealing the true risk of addiction and promoting the misleading concept

of pseudo-addiction; (f) promoting an unbalanced treatment of the long-term and dose-dependent risks of opioids versus NSAIDs; (g) secretly funding pro-opioid KOLs, who made deceptive statements concerning the use of opioids to treat chronic non-cancer pain; (h) funding pro-opioid pain organizations responsible for egregious misrepresentations concerning the use of opioids to treat chronic non-cancer pain; (i) downplaying the risks of opioid addiction in the elderly; (j) CMEs containing deceptive statements concerning the use of opioids to treat chronic non-cancer pain; (k) misleading scientific studies concluding opioids are safe and effective for the long-term treatment of chronic non-cancer pain and quality of life, while concealing contrary data; (l) funding and promoting pro-opioid KOLs concerning the use of opioids to treat chronic non-cancer pain, including the concept of pseudo-addiction; (m) manipulation of data regarding safety and efficacy of opioids for the long-term treatment of chronic non-cancer pain, including known rates of abuse and addiction and the lack of validation for long-term efficacy; and (n) in-person detailing.

252. Defendant Janssen made and/or disseminated deceptive statements, including, but not limited to, the following: (a) patient education materials containing deceptive statements regarding the suitability, benefits, and efficacy of opioids; (b) stating that opioids were safe and effective for the long-term treatment of chronic non-cancer pain; (c) stating that opioids improve quality of life, while concealing contrary data; (d) concealing the true risk of addiction; (e) promoting the deceptive concept of pseudo-addiction; (f) promoting opioids for the treatment of conditions for which Janssen knew, due to the scientific studies it conducted, that opioids were not efficacious, and concealing this information; (g) presenting to the public and doctors an unbalanced treatment of the long-term and dose-dependent risks of opioids versus NSAIDs; (h) funding pro-opioid KOLs, who made deceptive statements concerning the use of opioids to treat chronic non-cancer pain; (i) funding pro-opioid pain organizations that made deceptive statements,

including in patient education materials, concerning the use of opioids to treat chronic non-cancer pain; (j) using CMEs to promote false statements concerning the use of opioids to treat chronic non-cancer pain and; (k) in-person detailing.

253. Defendant Cephalon made and/or disseminated untrue, false, and deceptive statements minimizing the risk of addiction of opioids, promoting the concept of pseudo-addiction, advocating the use of opioids for chronic non-cancer pain, funding misleading CMEs, KOL doctors, and pain organizations, minimizing the addictiveness of Cephalon's potent rapid-onset opioids, and promoting the suitability of Cephalon's rapid-onset opioids to general practitioners, neurologists, sports medicine specialists, and workers' compensation programs.

254. Defendants Actavis made and Mallinckrodt disseminated deceptive statements, including, but not limited to, the following: (a) promotion of use of opioids to treat chronic non-cancer pain to Georgia prescribers through in-person detailing; (b) advertising that opioids were safe and effective for the long-term treatment of chronic non-cancer pain and that opioids improved quality of life; and (c) advertising that concealed the risk of addiction in the long-term treatment of chronic, non-cancer pain.

255. These false representations and concealments were reasonably calculated to deceive prescribing physicians in the geographic areas served by APOLLOMD, were made with the intent to deceive, and did in fact deceive physicians who prescribed opioids for chronic pain.

256. But for these false representations and concealments of material fact, APOLLOMD would not have incurred substantial costs and economic loss.

257. As a direct and proximate cause of the Pharmaceutical Defendants' fraudulent conduct, APOLLOMD has suffered damages.

## COUNT VI: CIVIL CONSPIRACY

258. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set out herein.

259. The Pharmaceutical Defendants continuously supplied prescription opioids to the Distributor Defendants despite having actual or constructive knowledge that said Distributors were habitually breaching their common law duties and violating the GCSA, and comparable statutes in the other geographic areas served by APOLLOMD. The Distributor Defendants continuously supplied prescription opioids to the Pharmacy Defendants despite having actual or constructive knowledge that said pharmacies were habitually breaching their common law duties and violating the GCSA, and comparable statutes in the other geographic areas served by APOLLOMD.

260. Without the Distributor Defendants' supply of prescription opioids, the Pharmacy Defendants would not be able to fill and dispense the increasing number of prescription opioids throughout the geographic areas served by APOLLOMD.

261. The Pharmacy Defendants continuously paid the Distributor Defendants to supply large quantities of prescription opioids in order to satisfy the demand for the drugs. The Distributor Defendants continuously paid the Pharmaceutical Defendants to supply large quantities of prescription opioids in order to satisfy the demand for the drugs.

262. No Defendant in this opioid network would have succeeded in profiting so significantly from the opioid epidemic without the concerted conduct of the other party, and none would have succeeded so significantly without engaging in the wrongful conduct as herein alleged.

263. The Pharmaceutical Defendants likewise benefitted from this distribution conspiracy in that the more pervasive opioid diversion became, the more the Pharmaceutical

Defendants profited. Despite access to the same information in the hands of the Distributor Defendants, the Pharmaceutical Defendants ignored the warning signs of opioid diversion.

264. As a result of the concerted actions between and among the Defendants, APOLLOMD has suffered damages.

265. APOLLOMD demands judgment against each Defendant for compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ApolloMD Business Services, LLC, prays that the Court grant the following relief:

a. Injunctive Relief;

b. Civil Penalties;

c. Compensatory damages;

d. Restitution;

e. Punitive Damages;

f. Attorneys' fees and costs; and

g. All such other relief this Court deems just and fair.

Plaintiff demands trial by jury on all counts so triable.

Dated this the 8th day of March, 2018.

Respectfully submitted,

*/s/ Mary Jane Bass*

Mary Jane Bass
BEGGS & LANE, RLLP
Georgia Bar No.: 547045
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
mjb@beggslane.com

*/s/ Robin Frazer Clark*
Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
Georgia Bar No.: 274620
Centennial Tower, Suite 2300
101 Marietta Street, NW
Atlanta, GA 30303
(404) 873-3700
robinclark@gatriallawyers.net

Additional Attorneys for the Plaintiff, to be admitted *pro hac vice*:

J. Nixon Daniel, III
John R. Zoesch, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
jnd@beggslane.com
jrz@beggslane.com

T. Roe Frazer II
Patrick D. McMurtray
Thomas Roe Frazer III
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
(615) 647-6464
roe@frazer.law
patrick@frazer.law
trey@frazer.law

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 1st Avenue North, Ste 450
Birmingham, Alabama 35203
(205) 252-6127
ftk@thekuykendallgroup.com

Grant D. Amey
Law Office of Grant D. Amey, LLC
P.O. Box 67
Fairhope, Alabama 36533
(251) 716-0317
grantamey@grantamey.com

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP
Address: 501 Commendencia Street
City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of __________________, 20______.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________

____________________________________________

This ________ day of ____________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ____________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. __________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for ____________________________________________

____________________________________________

This ________ day of ____________________, 20____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. ______________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of __________________, 20______.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This ________ day of ___________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ____________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
| --- | --- |
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Sobeyre Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This ________ day of ____________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of __________________, 20_____.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This ________ day of ____________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP
Address: 501 Commendencia Street
City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ________________________________________

________________________________________

This _______ day of ________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for ________________________________________

________________________________________

This ________ day of ________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Yolonye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This ________ day of __________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkwy NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Sobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This ________ day of __________________, 20____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ____________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP
Address: 501 Commendencia Street
City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________

____________________________________________

This _______ day of ________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ____________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. __________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ____________________

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ________________________________________

________________________________________

This ________ day of ________________, 20_____. ____________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________

____________________________________________

This ________ day of __________________, 20____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for ______________________________________________

______________________________________________

This _______ day of ________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP
Address: 501 Commendencia Street
City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________

____________________________________________

This ________ day of ________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ____________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for ____________________________________________________________

____________________________________________________________

This ________ day of ____________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this _______ day of ________________, 20______. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________________________

____________________________________________________________

This ________ day of ____________________, 20_____. ________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________

______________________________

This ______ day of ________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkwy NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Sobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this _______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This ________ day of __________________, 20____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this _______ day of __________________, 20______. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________________________

____________________________________________________________

This ________ day of ____________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP
Address: 501 Commendencia Street
City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________________________

This _______ day of __________________, 20____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________________________

____________________________________________________________

This ________ day of ________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ____________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. __________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobyn Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of __________________, 20______.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________

____________________________________________

This ________ day of ____________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328
Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $____________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $____________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $____________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. ______________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tokyo Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this _______ day of __________________, 20______. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________________________

________________________________________________________________________

This ________ day of ____________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. __________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP
Address: 501 Commendencia Street
City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________

____________________________________________

This ________ day of ________________, 20____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. __________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP

Address: 501 Commendencia Street

City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ______________________________

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for ______________________________________________

______________________________________________

This ________ day of ________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/8/2018 2:32 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** ______________________

ApolloMD Business Services, LLC
5665 New Northside Drive, Suite 200
Atlanta, Georgia 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Attain Med, Inc. c/o Incorp Services, Inc.
2000 Riveredge Pkway NW, Ste 885
Atlanta, GA 30324

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $__________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $__________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $__________ |
| [ ] SPECIAL LIEN | |

************

[ ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ______________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Mary Jane Bass, Beggs & Lane RLLP
Address: 501 Commendencia Street
City, State, Zip Code: Pensacola, FL 32502 Phone No.: 850-432-2451

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**3/8/2018 2:32 PM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____. ________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________

______________________________________________

This ________ day of ________________, 20_____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, EARL W GAYLE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 16, 2018, at 12:05pm, he/she served **Allergen PLC**
by serving copies of the below listed documents to
Alisha Smith at Corporation Service Company, Registered Agent
located at 40 Technology Pkwy., Suite 300, Norcross, GA 30092,
DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

EARL W GAYLE
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

MARC ALLARD NOTARY PUBLIC EXPIRES NOV 7, 2019 GWINNETT COUNTY GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY R.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY
RIVERS, MICHAEL
ROBERTSON, BRAD
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, EARL W GAYLE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 14, 2018, at 11:05am, he/she served **The Purdue Frederick Company** by serving copies of the below listed documents to Alisha Smith at Corporation Service Company, Registered Agent located at 40 Technology Pkwy., Suite 300, Norcross, GA 30092,

DOCUMENTS: **Summons & Complaint.**

Dated 3 23, 2018

EARL W GAYLE
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

MARCO ALLAS NOTARY EXPIRES NOV 7, 2019 PUBLIC GWINNETT COUNTY

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D
RICE, ROBERT
RICHARDSON, LER[illegible]
RIVERS, MICHAEL
ROBERTSON, BR[illegible] D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOWMD BUSINESS SERVICES, LLC

V.

ATTAIN MED, INC., et al

CIVIL ACTION FILE
NO: 18EV001062

# AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, the undersigned officer duly authorized to administer oaths, Daniel Newcomb first being duly sworn, on oath deposes and states that he/she is a resident of the state of Delaware and 21 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on the 19 day of March, 2018, at 2:35 pm am/pm, he/she personally served

CVS Health

located at 1209 Orange St., Wilmington, DE 19801 in the following manner:

[ ] PERSONAL: By personally serving the above individual with the listed documents.

[ ] NOTORIOUS: By leaving a copy of the listed documents at the named individual's most notorious place of abode. Delivering them to ____________, who also resides there.

[✓] CORPORATE: By delivering the listed documents to

Amy McLaren as Managing Agent for the named business.

[ ] NON-SERVICE - Comments ____________

LISTED DOCUMENTS: Summons & Complaint

[signature]
Printed Name Daniel Newcomb
Process Server
Dated March 21, 2018
Atlanta Legal Services, Inc.
3070 Presidential Drive, Suite 148
Atlanta, Georgia 30340

Sworn to and subscribed before me,
on March 21, 2018
[signature]
Notary Public

KIMBERLY J. RYAN
MY COMMISSION EXPIRES APRIL 29, 2020
NOTARY PUBLIC STATE OF DELAWARE

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOWMD BUSINESS SERVICES, LLC

V.

ATTAIN MED, INC., et al

CIVIL ACTION FILE
NO: 18EV001062

## AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, the undersigned officer duly authorized to administer oaths, Daniel Newcomb first being duly sworn, on oath deposes and states that he/she is a resident of the state of Delaware and 21 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on the 19 day of March, 2018, at 2:35 pm am/pm, he/she personally served

**Endo Health Solutions, Inc.**

located at 1209 Orange St., Wilmington, DE 19801 in the following manner:

[ ] PERSONAL: By personally serving the above individual with the listed documents.

[ ] NOTORIOUS: By leaving a copy of the listed documents at the named individual's most notorious place of abode. Delivering them to ________, who also resides there.

[✓] CORPORATE: By delivering the listed documents to

Amy McLaren as Managing Agent for the named business.

[ ] NON-SERVICE - Comments ________

LISTED DOCUMENTS: Summons & Complaint

Printed Name Daniel Newcomb
Process Server

Dated March 21, 2018

Atlanta Legal Services, Inc.
3070 Presidential Drive, Suite 148
Atlanta, Georgia 30340

Sworn to and subscribed before me,
on March 21, 2018

Notary Public

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES APRIL 29, 2020

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOWMD BUSINESS SERVICES, LLC

V.

CIVIL ACTION FILE
NO: 18EV001062

ATTAIN MED, INC., et al

## AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, the undersigned officer duly authorized to administer oaths, Daniel Newcomb first being duly sworn, on oath deposes and states that he/she is a resident of the state of Delaware and 21 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on the 19 day of March, 2018, at 3:52 pm am/pm, he/she personally served

**Purdue Pharma, Inc.**

located at 251 Little Falls Drive, Wilmington, DE 19808 in the following manner:

[ ] PERSONAL: By personally serving the above individual with the listed documents.

[ ] NOTORIOUS: By leaving a copy of the listed documents at the named individual's most notorious place of abode. Delivering them to ________, who also resides there.

[✓] CORPORATE: By delivering the listed documents to

Lynanne Gares as Litigation Management Leader for the named business.

[ ] NON-SERVICE - Comments ________

LISTED DOCUMENTS: Summons & Complaint

Printed Name Daniel Newcomb
Process Server
Dated March 21, 2018
Atlanta Legal Services, Inc.
3070 Presidential Drive, Suite 148
Atlanta, Georgia 30340

Sworn to and subscribed before me,
on March 21, 2018
Notary Public

KIMBERLY J. RYAN
MY COMMISSION EXPIRES APRIL 22, 2020
NOTARY PUBLIC
STATE OF DELAWARE

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOWMD BUSINESS SERVICES, LLC

V.

ATTAIN MED, INC., et al

CIVIL ACTION FILE
NO: 18EV001062

## AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, the undersigned officer duly authorized to administer oaths, Daniel Newcomb first being duly sworn, on oath deposes and states that he/she is a resident of the state of Delaware and 21 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on the 19 day of March, 2018, at 3:52 pm am/pm, he/she personally served

**Purdue Pharma, L.P.**

located at 251 Little Falls Drive, Wilmington, DE 19808 in the following manner:

[ ] PERSONAL: By personally serving the above individual with the listed documents.

[ ] NOTORIOUS: By leaving a copy of the listed documents at the named individual's most notorious place of abode. Delivering them to ______, who also resides there.

[✓] CORPORATE: By delivering the listed documents to Lynanne Gares as Litigation Management Leader for the named business.

[ ] NON-SERVICE - Comments ______

LISTED DOCUMENTS: Summons & Complaint

[signature]

Printed Name Daniel Newcomb
Process Server

Dated March 21, 2018

Atlanta Legal Services, Inc.
3070 Presidential Drive, Suite 148
Atlanta, Georgia 30340

Sworn to and subscribed before me,
on March 21, 2018

[signature]
Notary Public

KIMBERLY J. RYAN
MY COMMISSION EXPIRES APRIL 28, 2020
NOTARY PUBLIC
STATE OF DELAWARE

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOWMD BUSINESS SERVICES, LLC

V.

ATTAIN MED, INC., et al

CIVIL ACTION FILE
NO: 18EV001062

## AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, the undersigned officer duly authorized to administer oaths, Daniel Newcomb first being duly sworn, on oath deposes and states that he/she is a resident of the state of Delaware and 21 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on the 19 day of March, 2018, at 3:52 pm am/pm, he/she personally served

**Walgreens Boots Alliance., Inc.**

located at 251 Little Falls Drive, Wilmington, DE 19808 in the following manner:

[ ] PERSONAL: By personally serving the above individual with the listed documents.

[ ] NOTORIOUS: By leaving a copy of the listed documents at the named individual's most notorious place of abode. Delivering them to ________, who also resides there.

[✓] CORPORATE: By delivering the listed documents to Lynanne Gares as Litigation Management Leader for the named business.

[ ] NON-SERVICE - Comments ________

LISTED DOCUMENTS: Summons & Complaint

Printed Name Daniel Newcomb
Process Server
Dated March 21, 2018
Atlanta Legal Services, Inc.
3070 Presidential Drive, Suite 148
Atlanta, Georgia 30340

Sworn to and subscribed before me,
on March 21, 2018

Notary Public

KIMBERLY J. RYAN
MY COMMISSION EXPIRES APRIL 29, 2020
NOTARY PUBLIC
STATE OF DELAWARE

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, PAUL TUCKER, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 19, 2018, at 2:00pm, he/she served **Attain Med, Inc., c/o (INCORP SERVICES)** by serving copies of the below listed documents to

Erica Livingood at Incorp Services, Registered Agent

located at 2000 Riveredge Pkwy, Suite 885, Atlanta, Ga 30324,

DOCUMENTS: **Summons & Complaint.**

Dated 3/23, 2018

PAUL TUCKER
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

EXPIRES
NOV 2, 2019
PUBLIC
COUNTY

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY R.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LE[illegible]
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

[signature]
Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, PAUL TUCKER, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 16, 2018, at 3:00pm, he/she served **Actavis LLC**
by serving copies of the below listed documents to
Gaby Gonzalez at Corporate Creations Network, Registered Agent
located at 2985 Gordy Pkwy, 1st Floor, Marietta, GA 30066,
DOCUMENTS: **Summons & Complaint.**

Dated 3/23, 2018

PAUL TUCKER
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, PAUL TUCKER, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 16, 2018, at 3:00pm, he/she served **Teva Pharmaceutical USA, Inc.** by serving copies of the below listed documents to Gaby Gonzalez at Corporate Creations Network, Registered Agent located at 2985 Gordy Pkwy, 1st Floor, Marietta, GA 30066,

DOCUMENTS: **Summons & Complaint.**

Dated 3/23 2018

PAUL TUCKER
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

NOTARY PUBLIC EXPIRES NOV 7, 2019 GWINNETT COUNTY, GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE JAN - 4 2018 DEPUTY CLERK STATE COURT FULTON COUNTY, GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLOS, CATHERINA PILAR
FOLOS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LER[illegible]
RIVERS, MICHAEL
ROBERTSON, BRA[illegible]
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

CIVIL ACTION FILE
NO. 18EV001062

V.

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, PAUL TUCKER, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 16, 2018, at 3:00pm, he/she served **Watson Pharmaceuticals** by serving copies of the below listed documents to Gaby Gonzalez at Corporate Creations Network, Registered Agent located at 2985 Gordy Pkwy, 1st Floor, Marietta, GA 30066,

DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

PAUL TUCKER
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

EXPIRES
NOV 7, 2019
GWINNETT COUNTY

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 6 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LER[illegible]
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, PAUL TUCKER, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 16, 2018, at 3:00pm, he/she served **Watson Laboratories** by serving copies of the below listed documents to Gaby Gonzalez at Corporate Creations Network, Registered Agent located at 2985 Gordy Pkwy, 1st Floor, Marietta, GA 30066,

DOCUMENTS: **Summons & Complaint.**

Dated 3.23, 2018

PAUL TUCKER
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

MARC ALLARD NOTARY PUBLIC EXPIRES NOV 7, 2019 COUNTY GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRY[illegible]
RICE, ROBERT
RICHARDSON, LER[illegible]
RIVERS, MICHAEL
ROBERTSON, BRA[illegible]
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
3/29/2018 1:36 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

ATTAIN MED, INC., et al

Defendant,

CIVIL ACTION FILE
NO. 18EV001062

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, PAUL TUCKER, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 16, 2018, at 3:00pm, he/she served **Actavis Pharma., Inc.**
by serving copies of the below listed documents to
Gaby Gonzalez at Corporate Creations Network, Registered Agent
located at 2985 Gordy Pkwy, 1st Floor, Marietta, GA 30066,
DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

PAUL TUCKER
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

NOTARY PUBLIC
EXPIRES
NOV 7, 2019
GWINNETT COUNTY GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 6 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LE[illegible]
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

CIVIL ACTION FILE
NO. 18EV001062

V.

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Janssen Pharrmaceutica**
by serving copies of the below listed documents to
Linda Banks, Registered Agent, CT Corporation Systems
located at 289 S Culver Street, Lawrenceville, GA 30046,
DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23 2018

Notary Public

MARC ALLARD NOTARY PUBLIC GWINNETT COUNTY, GEORGIA EXPIRES NOV 7, 2019

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 6 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY A.
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Wal-Mart Stores, Inc.**
by serving copies of the below listed documents to
Linda Banks, Registered Agent, CT Corporation Systems
located at 289 S Culver Street, Lawrenceville, GA 30046,
DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23 2018

Notary Public

MARC ALLARD NOTARY EXPIRES NOV 7, 2019 PUBLIC GWINNETT COUNTY, GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY
RIVERS, MICHAEL
ROBERTSON, BRAD C.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

[signature]

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Ortho-McNeil-Janssen Pharrmaceuticals, Inc.** by serving copies of the below listed documents to Linda Banks CT Corporation System, Registered Agent, CT Corporation Systems located at 289 S Culver Street, Lawrenceville, GA 30046,

DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

Notary Public

C ALLAR NOTARY EXPIRES NOV 7, 2019 PUBLIC GWINNETT GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings.

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Janssen Pharrmaceuticals, Inc.** by serving copies of the below listed documents to Linda Banks, Registered Agent, CT Corporation Systems located at 289 S Culver Street, Lawrenceville, GA 30046,

DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23 2018

Notary Public

MARC ALLARD NOTARY EXPIRES NOV 7, 2019 PUBLIC GWINNETT COUNTY, GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LER[illegible]
RIVERS, MICHAEL
ROBERTSON, BRA[illegible]
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Johnson & Johnson**

by serving copies of the below listed documents to

Linda Banks, Registered Agent, CT Corporation Systems

located at 289 S Culver Street, Lawrenceville, GA 30046,

DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23, 2018

MARC ALLARD
Notary Public
NOTARY
EXPIRES
NOV 7, 2019
PUBLIC
GWINNETT COUNTY, GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Cardinal Health** by serving copies of the below listed documents to Linda Banks, Registered Agent, CT Corporation Systems located at 289 S Culver Street, Lawrenceville, GA 30046,

DOCUMENTS: **Summons & Complaint.**

Dated 3-23 ,2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23 2018

Notary Public

MARC ALLARD
NOTARY
EXPIRES
NOV 7, 2019
PUBLIC
GWINNETT COUNTY, GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings.

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY
RIVERS, MICHAEL
ROBERTSON, BRAD C.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Amerisourcebergen**
by serving copies of the below listed documents to
Linda Banks, Registered Agent, CT Corporation Systems
located at 289 S Culver Street, Lawrenceville, GA 30046,
DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me
on 3/23, 2018

MARC ALLARD NOTARY EXPIRES Notary Public NOV 7, 2019 PUBLIC GWINNETT COUNTY, GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY GA

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY A.
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

ATTAIN MED, INC., et al

Defendant,

CIVIL ACTION FILE
NO. 18EV001062

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Mallinckrodt**

by serving copies of the below listed documents to

Linda Banks, Registered Agent, CT Corporation Systems

located at 289 S Culver Street, Lawrenceville, GA 30046,

DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23 2018

Notary Public

MARC ALLARD NOTARY PUBLIC GWINNETT COUNTY, GEORGIA EXPIRES NOV 7, 2019

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN - 4 2018
DEPUTY CLERK STATE COURT
FULTON COUNTY GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY A.
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
**E-FILED**
18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

APOLLOWMD BUSINESS SERVICES, LLC

Plaintiff,

V.

CIVIL ACTION FILE
NO. 18EV001062

ATTAIN MED, INC., et al

Defendant,

**AFFIDAVIT OF SERVICE**

PERSONALLY appeared before me, ROBERT P. RICE, the undersigned officer duly authorized to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant further states that on March 20, 2018, at 2:15pm, he/she served **Endo Pharmaceuticals, Inc.** by serving copies of the below listed documents to

Linda Banks, Registered Agent, CT Corporation Systems

located at 289 S Culver Street, Lawrenceville, GA 30046,

DOCUMENTS: **Summons & Complaint.**

Dated 3-23, 2018

ROBERT P. RICE
Process Server

Sworn to and subscribed before me,
on 3/23 2018

Notary Public

MARC ALLARD NOTARY PUBLIC GWINNETT COUNTY, GEORGIA EXPIRES NOV 7, 2019

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 18EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE JAN - 4 2018 DEPUTY CLERK STATE COURT FULTON COUNTY, GA

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA
ANDERSON, WILLIAM JAMES
ANDREWS, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY, STEVEN M.
BARRY, PAUL EDWIN
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD DAVID
BENITO, ROBERT
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG
BRILEY, DONNIE
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CHASTAIN, MICHAEL A.
CLARKE, EZELL
CLEMMONS, JOYCE Y.
CLINE, TRAVIS DANIEL
CUNNINGHAM, SALLY
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY DOUGLAS
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
ECHOLS, ERIC
ECHOLS, PATRICIA IZETTA
EDWARDS, DONNIE LANE
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA
FEATHERS, JENNIFER L.
FERRERO, AMY L.
FISHER, DAWN R.W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS WAYNE
GAYLE, EARL W.
GEORGE, RANDAL L.
GIBBS III, THOMAS DAVID
GREENWAY, KIMBERLY
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, CONSTANCE
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD PAUL
HIGHSMITH, AMOS
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HINDSMAN, CHERROD
HORTON, CHRISTOPHER TODD
HOWARD, RICKY DONNELL
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
JAMES, FRANK H.
JOHNSON, CHRISTINA M.
JOHNSON, EARL C.
JONES, ALICIA M.
KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KIM, LEONARD
KING, AMOS
KOTLAR, MICHAEL
LAIR, AARON THOMAS
LANE, MADELINE ANNE
LANGFORD, NAN
LAUSMAN, MARSHA C.
LETTS, WILLIAM E.
LEWIS, KEVIN JOSEPH
LOBIN, JEROME
LUTWACK, WILLIAM C.
MAGGARD III, ANDREW M.
MALLAS, NICHOLAS A.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MILLS, EDDIE JAMES
MITCHELL, KEVIN JOSEPH
MORGAN, TODD V.
MOSS, CYNTHIA
MURPHY, GREGORY B.
NADLER, JONATHAN
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN OTTO
NOLEN, MILTON L.
NOWIK, DENNIS W.
OBRIEN, CHRISTOPHER M.
OLEARY, CHRISTINE
PERKINS, KAREN L.
PONCINIE, RICHARD G.
PYLE, ROBERT
RAUSER, JAYNE E.
RECINELLA, KEVIN THOMAS
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT
RICHARDSON, LEROY
RIVERS, MICHAEL
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, LEOPOLD E.
RUDDOCK, MARGARET A.
SADLER JR., JOHN T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON, VIRGINIA
SEKLECKI, CHRISTIAN G.
SEXTON, TRAICI L.
SHADIX, JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, ELIZABETH CHARLES
SMITH, RONALD L.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STEIDL, DAVID A.
STEVENSON, NOSIBA
STEWART, RONNIE N.
STINYARD, KELVIN L.
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL
UNDERWOOD, ROBERT
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WEBBER, MELINA
WEEKS, FRANCES M.
WEST, ERIC
WILLIAMS, LAVERN A.
WINGO, MICHAEL S.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER
YESTE, JOHN
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2018, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 2ND day of January, 2018.

[signature]

Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
Case **E-FILED**
28714 18EV001062
4/10/2018 12:59 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOWMD BUSINESS SERVICES, LLC

V.

CIVIL ACTION FILE
NO: 18EV001062

ATTAIN MED, INC., et al

## AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, the undersigned officer duly authorized to administer oaths, SGT R. Carter first being duly sworn, on oath deposes and states that he/she is a resident of the state of GA and 21 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on the 26 day of March, 2018, at 1110 am/pm, he/she personally served **Bloodworth Wholesale Drugs, Inc** (c/o George Bloodworth) located at 2128 Yank Land Dr Tifton in the following manner:

[ X ] PERSONAL: By personally serving the above individual with the listed documents.

[ ] NOTORIOUS: By leaving a copy of the listed documents at the named individual's most notorious place of abode. Delivering them to ____________, who also resides there.

[ ] CORPORATE: By delivering the listed documents to

____________ as ____________ for the named business.

[ ] NON-SERVICE - Comments ____________

LISTED DOCUMENTS: **Summons & Complaint**

Printed Name SGT. Rocky Carter
Process Server

Dated 3-26-18

Atlanta Legal Services, Inc.
3070 Presidential Drive, Suite 148
Atlanta, Georgia 30340

Sworn to and subscribed before me,
on 3/26/18

Notary Public

MARC ALLARD NOTARY PUBLIC GWINNETT COUNTY, GEORGIA EXPIRES NOV 7, 2019

State Court of Fulton County
**E-FILED**
18EV001062
4/13/2018 1:12 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOMD BUSINESS SERVICES, LLC
A Georgia Limited Liability Company,

Plaintiff,

v.

CIVIL ACTION FILE NO.
18EV001062
Judge JOHN R. MATHER

ATTAIN MED, INC.; BLOODWORTH
WHOLESALE DRUGS, INC;
MCKESSON CORPORATION;
CARDINAL HEALTH, INC.;
AMERISOURCEBERGEN CORPORATION;
CVS HEALTH CORPORATION;
WALGREENS BOOTS ALLIANCE, INC.;
WAL-MART STORES, INC.;
PURDUE PHARMA L.P.;
PURDUE PHARMA, INC.;
THE PURDUE FREDERICK COMPANY, INC.;
TEVA PHARMACEUTICAL INDUSTRIES, LTD.;
TEVA PHARMACEUTICALS USA, INC.;
CEPHALON, INC.;
JOHNSON & JOHNSON;
JANSSEN PHARMACEUTICALS, INC.;
ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN
PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA INC., n/k/a JANSSEN PHARMACEUTICALS, INC.;
ENDO HEALTH SOLUTIONS INC.;
ENDO PHARMACEUTICALS, INC.;
ALLERGAN PLC f/k/a ACTAVIS PLC;
WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.;
ACTAVIS LLC;
ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.;
MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS,
and John Does 1-100,

Defendants,

## STIPULATION FOR EXTENSION OF TIME TO ANSWER

IT IS HEREBY STIPULATED AND AGREED that the time within which Defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Corporation (the "Distributor Defendants") are required to answer, plead, move, counterclaim, or otherwise respond to Plaintiff's Complaint in the above-styled action is hereby extended a period of sixty days through and including June 18, 2018, and that any answer, plea, motion, counterclaim, or other response filed by the Distributor Defendants on or before said date shall be deemed timely.

STIPULATED AND AGREED this 13th day of April, 2018.

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Christopher E. Adams
Georgia Bar No. 789600
KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW, Suite 3250
Atlanta, GA 30309
(404) 888- 9700 (Office)
(404) 888- 9577 (Fax)

*Attorneys for Defendant McKesson Corporation*

/s/ Kyle Thomason
Kyle Thomason
Georgia Bar No. 182012
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(P) 202-434-5000
(F) 202-434-5029

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Edward M. Newsom
Edward M. Newsom
Georgia Bar No. 541440
Eileen H. Rumfelt

/s/ Mary Jane Bass
Mary Jane Bass
BEGGS & LANE, RLLP
Georgia Bar No.: 547045
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
mjb@beggslane.com

/s/ Robin Frazer Clark
Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
Georgia Bar No.; 274620
Centennial Tower, Suite 2300
101 Marietta Street, NW
Atlanta, GA 30303
(404) 873-3700
robinclark@gatriallawyers.net

*Attorneys for Plaintiff*

Georgia Bar No. 040608
MILLER & MARTIN PLLC
1180 West Peachtree St., N.W., Suite 2100
Atlanta, Georgia 30309-7649
Telephone: (404) 962-6100
Facsimile: (404) 962-6300
eddie.newsom@millermartin.com
eileen.rumfelt@millermartin.com

*Attorneys for Defendant AmerisourceBergen Corporation*[1]

[1] By joining in this Stipulation, AmerisourceBergen Corporation does not concede that it is a proper party to this action, and its position is that it is not.

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the within and foregoing **Stipulation for Extension of Time to Answer** by using the eFileGA e-filing system which will automatically serve all counsel of record with a copy, including:

Mary Jane Bass
BEGGS & LANE, RLLP
Georgia Bar No.: 547045
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
mjb@beggslane.com

Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
Georgia Bar No.; 274620
Centennial Tower, Suite 2300
101 Marietta Street, NW
Atlanta, GA 30303
(404) 873-3700
robinclark@gatriallawyers.net

*Attorneys for Plaintiff*

This 13th day of April, 2018.

/s/ Halsey G Knapp, Jr.
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Christopher E. Adams
Georgia Bar No. 789600

KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW, Suite 3250
Atlanta, GA 30309
(404) 888- 9700 (Office)
(404) 888- 9577 (Fax)
*Attorneys for Defendants McKesson Corporation*

State Court of Fulton County
**E-FILED**
18EV001062
4/13/2018 4:08 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOMD BUSINESS SERVICES, LLC, a Georgia Limited Liability Company

Plaintiff,

CASE NO. 18EV001062

v.

ATTAIN MED, INC., *et al.*;

Defendants.

**STIPULATION FOR EXTENSION OF TIME TO MOVE, ANSWER, OR OTHERWISE RESPOND TO THE COMPLAINT**

Pursuant to O.C.G.A. § 9-11-6(b), Plaintiff ApolloMD Business Services, LLC, and Manufacturer Defendants[1] (collectively, the "Moving Parties") hereby agree to extend the time in which the Manufacturer Defendants may answer, object to, move against, or otherwise respond to Plaintiff's Complaint through and including June 11, 2018. In exchange for this extension the non-foreign Manufacturer Defendants agree to waive any technical defects in service.

---

[1] The Served Manufacturer Defendants include Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.

Teva Pharmaceutical Industries, Ltd, an Israeli corporation, disputes that it has been served, but joins this stipulation out of an abundance of caution, and expressly reserves all defenses, including those related to personal jurisdiction and service of process. Allergan plc, an Irish corporation, disputes that it has been served, but joins this stipulation out of an abundance of caution, and expressly reserves all defenses, including those related to personal jurisdiction and service of process. Mallinckrodt plc, an Irish public limited company, disputes that it has been served, but joins this stipulation out of an abundance of caution, and expressly reserves all defenses, including those related to personal jurisdiction and service of process.

Dated: April 13, 2018.

/s/ Jennifer G. Cooper
Jennifer G. Cooper*
Georgia Bar No. 305225
Brent W. Cole
Georgia State Bar No. 294999
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
jcooper@bakerdonelson.com
bcole@bakerdonelson.com
Tel. (404) 577-6000
Fax. (404) 221-6501

** Filing with consent on behalf of all Manufacturer Defendants for purposes of this Stipulation only*

\- and -

Ingo W. Sprie, Jr.**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris**
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com
Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO PHARMACEUTICALS INC.

John A. Freedman**
ARNOLD & PORTER
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
John.Freedman@arnoldporter.com

*Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

/s/Seth Litman
Seth Litman
Georgia Bar No. 454060
THOMPSON HINE LLP
3560 Lenox Rd NE #1600
Atlanta, Georgia 30326-4266
(404) 541-2967
seth.litman@ThompsonHine.com

Donna Welch, P.C.**
Martin L. Roth**
Timothy Knapp**
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.**
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com

*Attorneys for Defendants Allergan plc f/k/a Actavis plc and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

/s/Mark S. Cheffo
Mark S. Cheffo**
Hayden A. Coleman**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) -849-7000
Fax: (212) 849-7100
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com

Patrick J. Fitzgerald**
R. Ryan Stoll**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Dr.
Chicago, IL 60606
Tel: (312) 407-0700
Fax: (312) 827-9320
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*

/s/Steven A. Reed

Steven A. Reed **
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: (215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole**
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131
Phone: (305) 415-3416
brian.ercole@morganlewis.com

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

/s/Charles C. Lifland

Charles C. Lifland**
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: clifland@omm.com

*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

*/s/ Brien T. O'Connor*

Brien T. O'Connor**
Andrew J. O'Connor**
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendant Mallinckrodt plc*

*** denotes national counsel who will seek pro hac vice admission*

*/s/ Mary Jane Bass*
Mary Jane Bass
BEGGS & LANE, RLLP
Georgia Bar No.: 547045
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
mjb@beggslane.com
*Attorney for Plaintiff*

Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
Georgia Bar No.: 274620
Centennial Tower
101 Marietta Street, #2300
Atlanta, GA 30303
(404) 873-3700
robinclark@gatriallawyers.net

*Attorneys for ApolloMD Business Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **STIPULATION FOR EXTENSION OF TIME TO MOVE, ANSWER, OR OTHERWISE RESPOND TO THE COMPLAINT** by depositing a copy of same in the U.S. Mail with adequate postage thereon addressed as follows:

Robin F. Clark
Robin Frazer Clark, PC
Centennial Tower, Suite 2300
101 Marietta Street, NW
Atlanta, Georgia 30303

Mary Jane Bass
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502

*Attorneys for ApolloMD Business Services, LLC*

Ingo W. Sprie, Jr.**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710

Sean Morris**
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017

John A. Freedman**
ARNOLD & PORTER
601 Massachusetts Ave, NW
Washington, DC 20001-3743

*Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

Donna Welch, P.C.**
Martin L. Roth**
Timothy Knapp**
KIRKLAND & ELLIS LLP
300 North LaSalle

Chicago, Illinois 60654

Jennifer G. Levy, P.C.**
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Attorneys for Defendants Allergan plc f/k/a Actavis plc and Watson Pharmaceuticals, Inc n/k/a Actavis, Inc.*

Mark S. Cheffo**
Hayden A. Coleman**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Patrick J. Fitzgerald**
R. Ryan Stoll**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Dr.
Chicago, IL 60606

*Attorneys for Defendants Purdue Pharma, L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*

Steven A. Reed **
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921

Brian M. Ercole**
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Charles C. Lifland**
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071

*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

Brien T. O'Connor**
Andrew J. O'Connor**
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

*Attorneys for Defendant Mallinckrodt plc*

This 13th day of April, 2018.

/s/ Jennifer G. Cooper
Jennifer G. Cooper
Georgia Bar No. 305225
Brent W. Cole
Georgia State Bar No. 294999

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
jcooper@bakerdonelson.com
bcole@bakerdonelson.com
Tel. (404) 577-6000
Fax. (404) 221-6501

State Court of Fulton County
**E-FILED**
18EV001062
4/17/2018 11:17 AM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

APOLLOMD BUSINESS SERVICES, LLC,

Plaintiff,

v.

ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS; and John Does 1–100,

Defendants.

CIVIL ACTION NO. 18EV001062

**JOINT STIPULATION TO EXTEND TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**

WHEREAS, the parties have conferred and agreed as to Wal-Mart Stores, Inc.'s[1] deadline to respond to Plaintiff's Complaint in the above-captioned action;

WHEREAS, the parties have agreed that service on Wal-Mart Stores, Inc. is effective as of March 20, 2018;

WHEREAS, the parties have agreed that Wal-Mart Stores, Inc.'s deadline to respond to Plaintiff's Complaint, whether by pleading or motion, shall be extended to June 11, 2018;

WHEREAS this stipulation shall not operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any other right, defense, affirmative defense, or objection, including lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue. This agreement is applicable to the above-captioned case only and shall not operate to waive any arguments regarding service of process in any other cases;

THEREFORE, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the following:

//

//

//

//

[1] As of February 1, 2018, Wal-Mart Stores, Inc. is known as Walmart Inc. All references to Wal-Mart Stores, Inc. apply with equal force to Walmart Inc. This stipulation is effective as to Walmart Inc. and is entered into on behalf of Walmart Inc.'s counsel of record.

Wal-Mart Stores, Inc. shall be granted an extension of time to respond to Plaintiff's Complaint until June 11, 2018. Wal-Mart Stores, Inc. shall file its response to the Complaint on or before such date.

Dated this 17th day of April, 2018

Respectfully submitted,

*/s/ Mary Jane Bass*

Mary Jane Bass (Ga. Bar No. 547045)
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
Facsimile: (850) 469-3331
mjb@beggslane.com

Attorneys for Plaintiff
APOLLOMD BUSINESS SERVICES, LLC

Dated this 17th day of April, 2018

*/s/ Laura K. Gura*

Laura K. Gura (Ga. Bar No. 487308)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
lgura@jonesday.com

Attorney for Defendant
WAL-MART STORES, INC.[2]

Additional Attorneys for the Defendant, to be admitted *pro hac vice*:

[2] Also counsel of record for Walmart Inc.

Christopher Lovrien
Claire E. Castles
Sarah G. Conway
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 243-2567
Facsimile: (213) 243-2539
sgconway@jonesday.com

Attorneys for Defendant
WAL-MART STORES, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of April, 2018, I caused the foregoing Joint Stipulation to Extend Time to File Response to Plaintiff's Complaint to be electronically filed through the Fulton County State Court's e-filing system, which will automatically send notification of such filing to all parties and counsel who have registered with the Court's e-filing system.

*/s/ Laura K. Gura*
Laura K. Gura
Attorney for Wal-Mart Stores, Inc.

State Court of Fulton County
**E-FILED**
18EV001062
4/17/2018 1:17 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| APOLLOMD BUSINESS SERVICES, LLC<br>a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC., *et al.*<br><br>Defendants. | ) | Case No: 18EV001062 |

**STIPULATION EXTENDING DEFENDANT CVS HEALTH CORPORATION'S <u>TIME TO RESPOND TO THE COMPLAINT</u>**

The undersigned counsel on behalf of Plaintiff ApolloMD Business Service, LLC and Defendant CVS Health Corporation ("the Parties") hereby stipulate pursuant to O.C.G.A. § 9-11-6(b) that the time for CVS Health Corporation to move against, answer, plead or otherwise respond to Plaintiff's Complaint in this action shall be, and hereby is, extended through and including June 18, 2018. The parties agree that this extension shall not effect a waiver of any defenses or objections, including, but not limited to, those listed in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b), except that in exchange for this extension of time Defendant CVS Health Corporation agrees to waive any technical insufficiency regarding service of process. This stipulation is entered into before CVS Health Corporation's time to answer or otherwise respond has expired.

SO STIPULATED this 17th day of April, 2018.

BY:

*/s/ Richard H. Sinkfield*
Richard H. Sinkfield
Georgia Bar No.: 649100
rsinkfield@rh-law.com
Dan F. Laney
Georgia Bar No.: 435290
dlaney@rh-law.com
ROGERS & HARDIN LLP

*/s/ Mary Jane Bass*
(By Richard H. Sinkfield with express permission)

Mary Jane Bass
BEGGS & LANE, RLLP
Georgia Bar No.: 547045
mjb@beggslane.com

2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone: (404) 522-4700

Eric R. Delinsky
(Pro hac vice admission will be sought.)
edelinsky@zuckerman.com
Alexandra W. Miller
(Pro hac vice admission will be sought.)
smiller@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036-5807
Telephone: (202) 778-1800

*Counsel for Defendant CVS Health Corporation*

501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451

Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
Georgia Bar No.: 274620
robinclark@gatriallawyers.com
Centennial Tower, Suite 2300
101 Marietta Street, NW
Atlanta, GA 30303
Telephone: (404) 873-3700

*Counsel for Plaintiff ApolloMD Business Service, LLC*

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| APOLLOMD BUSINESS SERVICES, LLC<br>a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC., *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 18EV001062 |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2018, the foregoing **STIPULATION EXTENDING DEFENDANT CVS HEALTH CORPORATION'S TIME TO RESPOND TO THE COMPLAINT** was electronically filed and served with the Clerk of Court via the eFileGA system, which will automatically send email notification of such filing to the following attorneys:

| | |
|---|---|
| Robin Frazer Clark<br>ROBIN FRAZER CLARK, P.C.<br>Georgia Bar No.; 274620<br>Centennial Tower, Suite 2300<br>101 Marietta Street, NW<br>Atlanta, GA 30303<br>(404) 873-3700<br>robinclark@gatriallawyers.net<br>*Counsel for Plaintiff* | Mary Jane Bass<br>BEGGS & LANE, RLLP<br>Georgia Bar No.: 547045<br>501 Commendencia Street<br>Pensacola, FL 32502<br>(850) 432-2451<br>mjb@beggslane.com<br>*Counsel for Plaintiff* |

*<u>/s/ Dan F. Laney</u>*
Dan F. Laney
Georgia Bar No.: 435290
dlaney@rh-law.com
ROGERS & HARDIN LLP
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303

Telephone: (404) 420-4624
Facsimile: (404) 230-0951

*Counsel for Defendant CVS Health Corporation*

State Court of Fulton County
**E-FILED**
18EV001062
4/17/2018 2:42 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| APOLLOMD BUSINESS SERVICES, LLC a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC:; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, and John Does 1-100,<br><br>Defendants. | Civil Action<br>File No. 18-EV-001062 |

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

**NOTICE OF ENTRY OF APPEARANCE**

COMES NOW the undersigned, Lindsay A. Fleming of Moore Ingram Johnson & Steele, LLP, and notifies the Court that she is entering an

appearance as counsel on behalf of Defendant Walgreens Boots Alliance, Inc. Counsel requests that notice of all court appearances, motions, pleadings and filings be served on the undersigned at the offices of:

MOORE INGRAM JOHNSON & STEELE, LLP
Emerson Overlook
326 Roswell Street
Marietta, Georgia 30060

Respectfully submitted this 17th day of April, 2018.

MOORE INGRAM JOHNSON & STEELE, LLP

*s/Lindsay A. Fleming*
Lindsay A. Fleming
Ga. Bar No. 503940

Emerson Overlook
326 Roswell Street
Marietta, Georgia 30060
770/429-1499
lafleming@mijs.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| APOLLOMD BUSINESS SERVICES, LLC a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC:; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, and John Does 1-100,<br><br>Defendants. | ) | Civil Action<br>File No. 18-EV-001062 |

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing **NOTICE OF ENTRY OF APPEARANCE** upon the following via first Class U.S. Mail with

postage pre-paid, addressed as follows:

Mary Jane Bass
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502

Robin Frazer Clark
Robin Frazer Clark, P.C.
101 Marietta Street, N.W., #2300
Atlanta, Georgia 30303
*Attorneys for Plaintiff*

Jennifer G. Cooper
Brent W. Cole
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
3414 Peachtree Road, N.E., #1600
Atlanta, GA 30326
*Attorneys for all Manufacturer Defendants*

Ingo w. Sprie, Jr.
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710

Sean Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figeroa Street
44th Floor
Los Angeles, CA 90017

John A. Freeman
Arnold & Porter
301 Massachusetts Ave., NW
Washington, DC 20001-3743
*Attorneys for Defendants Endo Health Solutions, Inc. and Endo Pharmaceuticals, Inc.*

Seth Litman
Thompson Hine LLP
3560 Lenox Rd, #1600
Atlanta, GA 30326-4266

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Jennifer G. Levy, P.C.
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
*Attorneys for Defendants Allergan PLC f/k/a Actavis PLC and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

Charles C. Lifland
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

Brien T. O'Connor
Andrew J. O'Connor
Ropes & Gray LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
*Attorneys for Defendant Mallinckrodt PLC d/b/a Mallinckrodt Pharmaceuticals*

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Mark S. Cheffo
Hayden A Coleman
Quinn Emanuel Urquhart & Sullivan
51 Madison Ave., 22nd Floor
New York, NY 10010

Patrick J. Fitzgerald
R. Ryan Stoll
Skadden, APRS, Slate, Meagher & Flom
155 N. Wacker Dr.
Chicago, IL 60606
*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.*

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Brian M. Ercole
Morgan, Lewis & Bockius LLP
200 S. Biscayne Blvd., Ste. 5300
Miami, FL 33131
*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

This 17th day of April, 2018.

MOORE INGRAM JOHNSON & STEELE, LLP

<u>*s/Lindsay A. Fleming*</u>
Lindsay A. Fleming

Emerson Overlook
326 Roswell Street, Ste. 100
Marietta, Georgia 30060
770/429-1499
lafleming@mijs.com

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

State Court of Fulton County
**E-FILED**
18EV001062
4/17/2018 3:05 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| APOLLOMD BUSINESS SERVICES, LLC a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC:; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, and John Does 1-100,<br><br>Defendants. | Civil Action<br>File No. 18-EV-001062 |

**NOTICE OF ENTRY OF APPEARANCE**

COMES NOW the undersigned, Jeffrey A. Daxe of Moore Ingram Johnson & Steele, LLP, and notifies the Court that he is entering an appearance as counsel on behalf of

Defendant Walgreens Boots Alliance, Inc. Counsel requests that notice of all Court appearances, motions, pleadings and filings be served on the undersigned.

Respectfully submitted this 17th day of April, 2018.

MOORE INGRAM JOHNSON & STEELE, LLP

*s/Jeffrey A. Daxe*
Jeffrey A. Daxe
Georgia Bar No. 213701
Attorneys for Defendant Walgreens Boots Alliance, Inc.

Emerson Overlook
326 Roswell Street, Ste. 100
Marietta, Georgia 30060
(770) 429-1499
jad@mijs.com

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing NOTICE OF ENTRY OF APPEARANCE upon the following by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon to:

Mary Jane Bass
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502

Robin Frazer Clark
Robin Frazer Clark, P.C.
101 Marietta Street, N.W., Suite 2300
Atlanta, Georgia 30303

*Attorneys for Plaintiff*

Jennifer G. Cooper
Brent W. Cole
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
3414 Peachtree Road, N.E.
Suite 1600
Atlanta, GA 30326

*Attorneys for all Manufacturer Defendants*

Ingo w. Sprie, Jr.
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710

Sean Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figeroa Street
44th Floor
Los Angeles, CA 90017

John A. Freeman
Arnold & Porter
301 Massachusetts Ave., NW
Washington, DC 20001-3743

*Attorneys for Defendants Endo Health Solutions, Inc. and Endo Pharmaceuticals, Inc.*

Seth Litman
Thompson Hine LLP
3560 Lenox Rd, #1600
Atlanta, GA 30326-4266

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Jennifer G. Levy, P.C.
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Attorneys for Defendants Allergan PLC f/k/a Actavis PLC and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

Charles C. Lifland
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

Brien T. O'Connor
Andrew J. O'Connor
Ropes & Gray LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

*Attorneys for Defendant Mallinckrodt PLC d/b/a Mallinckrodt Pharmaceuticals*

Mark S. Cheffo
Hayden A Coleman
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Patrick J. Fitzgerald
R. Ryan Stoll
Skadden, APRS, Slate, Meagher & Flom, LLP
155 N. Wacker Dr.
Chicago, IL 60606

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.*

Steven A. Reed
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Brian M. Ercole
Morgan, Lewis & Bockius LLP
200 S. Biscayne Blvd., Ste. 5300
Miami, FL 33131

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

This 17th day of April, 2018.

MOORE INGRAM JOHNSON & STEELE, LLP

*s/Jeffrey A. Daxe*
Jeffrey A. Daxe

Emerson Overlook
326 Roswell Street, Ste. 100
Marietta, Georgia 30060
770/429-1499
jad@mijs.com

State Court of Fulton County
**E-FILED**
18EV001062
4/17/2018 4:09 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| APOLLOMD BUSINESS SERVICES, LLC a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC:; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, and John Does 1-100,<br><br>Defendants. | ) | CIVIL ACTION FILE<br>NO. 18EV001062 |

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8831

**STIPULATION FOR EXTENSION OF TIME TO MOVE, ANSWER, OR OTHERWISE RESPOND TO COMPLAINT**

Pursuant to O.C.G.A. §9-11-6(b), Plaintiff ApolloMD Business Services, LLC, and Defendant Walgreens Boots Alliance, Inc. hereby agree and stipulate that the time within which

Defendant Walgreens Boots Alliance, Inc. may answer, object to, move against, or otherwise respond to Plaintiff's Complaint is hereby extended for a period of sixty (60) days, through and including June 18, 2018, and that any answer, motion, counterclaim, or other response filed by the Defendant on or before said date shall be deemed timely. In exchange for this extension Defendant Walgreens Boots Alliance, Inc. agrees to waive any technical defects in service.

STIPULATED AND AGREED this 17th day of April, 2018.

*/s/ Robert D. Ingram*
Robert D. Ingram
Georgia Bar No. 383405
Jeffrey A. Daxe
Georgia Bar No. 213701
Lindsay A. Fleming
Georgia Bar No. 503940
MOORE INGRAM JOHNSON & STEELE, LLP
326 Roswell Street
Marietta, GA 30060
(770) 429-1499

*Attorneys for Defendant Walgreens Boots Alliance, Inc.*

*/s/ Mary Jane Bass*
Mary Jane Bass
BEGGS & LANE, RLLP
Georgia Bar No.: 547045
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451

*/s/ Robin Frazer Clark*
Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
Georgia Bar No. 274620
Centennial Tower, Suite 2300
101 Marietta Street, NW
Atlanta, GA 30303
(404) 873-3700

*Attorneys for Plaintiff*

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8831

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| APOLLOMD BUSINESS SERVICES, LLC a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC:; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, and John Does 1-100,<br><br>Defendants. | ) | CIVIL ACTION FILE<br>NO. 18EV001062 |

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing **STIPULATION FOR EXTENSION OF TIME TO MOVE, ANSWER, OR OTHERWISE RESPOND TO**

**COMPLAINT** upon the following via first Class U.S. Mail with postage pre-paid, addressed as follows:

Mary Jane Bass
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, Florida 32502

Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
101 Marietta Street, N.W., Suite 2300
Atlanta, Georgia 30303

*Attorneys for Plaintiff*

Jennifer G. Cooper
Brent W. Cole
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E., Suite 1600
Atlanta, GA 30326

Ingo W. Sprie, Jr.
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710

Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017

John A. Freedman
ARNOLD & PORTER
601 Massachusetts Ave., NW
Washington, DC 20001-3743

*Attorneys for Defendants Endo Health Solutions, Inc. and Endo Pharmaceuticals, Inc.*

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Seth Litman
THOMPSON HINE LLP
3560 Lenox Rd, #1600
Atlanta, GA 30326-4266

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Attorneys for Defendants Allergan PLC f/k/a Actavis PLC and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

Mark S. Cheffo
Hayden A Coleman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Patrick J. Fitzgerald
R. Ryan Stoll
SKADDEN, APRS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Dr.
Chicago, IL 60606

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071

*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

*Attorneys for Defendant Mallinckrodt PLC d/b/a Mallinckrodt Pharmaceuticals*

This 17th day of April, 2018.

MOORE INGRAM JOHNSON & STEELE, LLP

*/s/ Robert D. Ingram*
Robert D. Ingram

Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
ringram@mijs.com

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

State Court of Fulton County
**E-FILED**
18EV001062
4/17/2018 4:12 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

APOLLOMD BUSINESS SERVICES, LLC a Georgia Limited Liability Company,

Plaintiff,

v.

ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC:; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, and John Does 1-100,

Defendants.

Civil Action
File No. 18-EV-001062

## NOTICE OF ENTRY OF APPEARANCE

COMES NOW the undersigned, Robert D. Ingram of Moore Ingram Johnson & Steele, LLP, and notifies the Court that he is entering an appearance as counsel on behalf of Defendant

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Walgreens Boots Alliance, Inc. Counsel requests that notice of all court appearances, motions, pleadings and filings be served on the undersigned at the offices of:

MOORE INGRAM JOHNSON & STEELE, LLP
Emerson Overlook
326 Roswell Street
Marietta, Georgia 30060

Respectfully submitted this 17th day of April, 2018.

MOORE INGRAM JOHNSON & STEELE, LLP

*/s/ Robert D. Ingram*
Robert D. Ingram
Ga. Bar No. 383405

Emerson Overlook
326 Roswell Street
Marietta, Georgia 30060
770/429-1499
ringram@mijs.com

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| APOLLOMD BUSINESS SERVICES, LLC a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ATTAIN MED, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; WAL-MART STORES, INC.; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC:; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., MALLINCKRODT, PLC d/b/a MALLINCKRODT PHARMACEUTICALS, and John Does 1-100,<br><br>Defendants. | ) | Civil Action<br>File No. 18-EV-001062 |

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing **NOTICE OF ENTRY OF APPEARANCE** upon the following via first Class U.S. Mail with postage pre-paid, addressed

as follows:

Mary Jane Bass
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, Florida 32502

Robin Frazer Clark
ROBIN FRAZER CLARK, P.C.
101 Marietta Street, N.W., Suite 2300
Atlanta, Georgia 30303

*Attorneys for Plaintiff*

Jennifer G. Cooper
Brent W. Cole
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E., Suite 1600
Atlanta, GA 30326

Ingo W. Sprie, Jr.
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710

Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017

John A. Freedman
ARNOLD & PORTER
601 Massachusetts Ave., NW
Washington, DC 20001-3743

*Attorneys for Defendants Endo Health Solutions, Inc. and Endo Pharmaceuticals, Inc.*

Seth Litman
THOMPSON HINE LLP
3560 Lenox Rd, #1600
Atlanta, GA 30326-4266

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Attorneys for Defendants Allergan PLC f/k/a Actavis PLC and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

Mark S. Cheffo
Hayden A Coleman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Patrick J. Fitzgerald
R. Ryan Stoll
SKADDEN, APRS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Dr.
Chicago, IL 60606

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071

*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

*Attorneys for Defendant Mallinckrodt PLC d/b/a Mallinckrodt Pharmaceuticals*

This 17th day of April, 2018.

MOORE INGRAM JOHNSON & STEELE, LLP

/s/ Robert D. Ingram
Robert D. Ingram

Emerson Overlook
326 Roswell Street, Ste. 100
Marietta, Georgia 30060
770/429-1499
ringram@mijs.com

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631